**FILED**

**MARCH 14, 2008**
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

**08 C 1535**

| | |
|---|---|
| PARUS HOLDINGS, INC., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| BANNER & WITCOFF, LTD., | ) |
| CHARLES CALL, and EUGENE | ) |
| NELSON, | ) |
| | ) |
| Defendants. | ) |
| | ) |

Case No.

**JUDGE HART
MAGISTRATE JUDGE DENLOW**

## NOTICE OF REMOVAL

Defendant, Banner & Witcoff, Ltd., by its undersigned counsel and pursuant to 28 U.S.C. §1446, hereby files this Notice of Removal of the civil action captioned above, filed in the Circuit Court of Cook County, Illinois, on the following grounds.

1.    An action has been commenced and is pending in the Circuit Court of Cook County, Illinois, styled *Parus Holdings, Inc. v. Banner & Witcoff, Ltd., et al.*, Case No. 2008L001151.  A copy of the complaint in the Circuit Court action is attached hereto as Exhibit 1 (the summons has not been provided to defendant). There are no other filings in the Circuit Court action.

450097/E/2

2.     The complaint was filed with the Circuit Court of Cook County on or about January 31, 2008 and was served on Banner & Witcoff, Ltd. on February 27, 2008.  This Notice of Removal is filed within the time period set forth in 28 U.S.C. §1446(b).

3.     Plaintiff is a corporation incorporated in the State of Delaware.

4.     Defendant, Banner & Witcoff, Ltd., is a corporation with a principal place of business in Illinois.

5.     Defendant, Charles Call, is an individual who, upon information and belief, is a citizen of the State of Illinois.  Mr. Call has not been served with a summons or complaint in this action.

6.     Defendant, Eugene Nelson, is an individual who, upon information and belief, is a citizen of the Commonwealth of Massachusetts.  Mr. Nelson has not been served with a summons or complaint in this action.

7.     Plaintiff seeks judgment against Defendants for alleged legal malpractice arising out of a patent representation.  Plaintiff alleges that Defendants breached fiduciary duties and were negligent in assisting an individual, Robert Swartz, to obtain a "competing" patent that allegedly subverted Plaintiff's patent rights and "placed a cloud on the title" to Plaintiff's patents.  *See, e.g.,* Complaint at ¶¶16, 18-20, 24, 26, 29.  Plaintiff alleges that Swartz's patent rendered Plaintiff's patents valueless because licensees would be exposed to patent claims

by Mr. Swartz.  *Id.* at ¶24.  Thus, federal jurisdiction exists because the construction and scope of the allegedly "competing" patents that Defendants allegedly pursued for Mr. Swartz are a necessary element of Plaintiff's legal malpractice claim.  *See Immunocept, LLC v. Fulbright & Jaworski, LLP,* 504 F.3d 1281 (Fed. Cir. 2007).  If the patents that Defendants are alleged to have obtained did not claim the same subject matter as Plaintiff's patents, then Plaintiff cannot prove that Defendants pursued a "competing" patent and Plaintiff will not be able to prove any of its claims against Defendants.

8.    Plaintiff also alleges that Defendants' alleged breaches and negligence compromised a patent lawsuit that Plaintiff brought in 2006 in the Northern District of Illinois pursuant to 35 U.S.C. §256 and 35 U.S.C. §116,[1] in that Defendants' actions and omissions purportedly caused Plaintiff "to forfeit its ability to proceed to trial and prevail" on the patent lawsuit.  *Id.* at ¶36.  Plaintiff also claims as damages in this lawsuit the legal fees it incurred in pursuing the underlying patent lawsuit.  Thus, in order to prove the elements of causation and damage in its legal malpractice and breach of fiduciary duty claims against Defendants, Plaintiff must prove that it had a meritorious basis upon which to bring the underlying patent lawsuit (that is, that it had a meritorious claim under patent law to sue for a declaration that it was the owner and inventor of the

---

[1]    The underlying lawsuit was brought to obtain a declaration of ownership and inventorship of the patents-in-suit.

"competing" patent) and that it would have prevailed in the underlying patent lawsuit but for Defendants' alleged actions and omissions. *See Sheppard v. Krol*, 218 Ill.App.3d 254, 578 N.E.2d 212 (1991). This Court may exercise federal jurisdiction because Plaintiff's right to relief in this lawsuit depends on resolution of a substantial question of patent law. *See Air Measurement Technologies, Inc. v. Akin, Gump, Strauss, Hauer & Feld, LLP*, 504 F.3d 1262 (Fed. Cir. 2007).

9.    The Court has supplemental jurisdiction over Count V (Misappropriation of Trade Secrets) of the Complaint because the claim arises out of the same controversy and nucleus of facts as the counts over which this Court has original jurisdiction. *See Voelker v. Porsche Cars North America, Inc.,* 353 F.3d 516, 522 (7th Cir. 2003); *Gossmeyer v. McDonald,* 128 F.3d 481, 488 (7th Cir. 1997); *ISC-Bunker Ramo Corp. v. Altech, Inc.,* 765 F. Supp. 1310, 1328 (N.D. Ill. 1990).

10.    This action is one over which the United States District Court has original jurisdiction pursuant to 28 U.S.C. §1338(a). *See* 28 U.S.C. §1441(b). This action, therefore, may be removed to this Court.

11.    A copy of this Notice of Removal is being filed with the Clerk of the Circuit Court of Cook County, Illinois, and is being sent to counsel for the plaintiff in accordance with 28 U.S.C. §1446(d).

12.    Defendant has complied with all of the requirements for removal under Title 28 of the United States Code.

WHEREFORE, Defendant, Banner & Witcoff, Ltd., requests that this action be removed to this Court as provided by 28 U.S.C. §1441, *et seq.*

Dated:        March 14, 2008              Defendant BANNER & WITCOFF, LTD.


                                          _____/s/ Jeffrey T. Petersen_____
                                          One of Its Attorneys

Brian E. Martin
Jeffrey T. Petersen
Bell Boyd & Lloyd LLP
70 West Madison Street
Suite 3100
Chicago, Illinois  60602-4207
(312) 372-1121
jpetersen@bellboyd.com
bmartin@bellboyd.com

Pamela A. Bresnahan
Steven R. Becker
Vorys, Sater, Seymour and Pease LLP
1828 L Street, N.W.
11th Floor
Washington, D.C.  20036-5109
(202) 467-8800
pabresnahan@vorys.com
srbecker@vorys.com

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that on this 14th day of March, 2008, a copy of the

foregoing **Notice of Removal** was mailed, first class and postage pre-paid, to:

James J. Stamos, Esquire
Matthew J. McDonald, Esquire
Stamos & Trucco LLP
30 West Monroe Street
Suite 1600
Chicago, Illinois  60603
Attorneys for Plaintiff

Defendant BANNER & WITCOFF, LTD.


_____/s/ Jeffrey T. Petersen_____
One of Its Attorneys

450097/E/2

# EXHIBIT 1

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT - LAW DIVISION

PARUS HOLDINGS, INC.,                    )
                                         )
            Plaintiff,                   )
                                         )          2008L001151
                                         )          CALENDAR/ROOM E
      v.                                 )    NO.   TIME 00:00
                                         )          Legal Malpractice
BANNER & WITCOFF, LTD., CHARLES          )
CALL; and EUGENE NELSON,                 )    **JURY DEMANDED**
                                         )
            Defendants.                  )

## COMPLAINT

The plaintiff, Parus Holdings Inc., by its attorneys James J. Stamos and Matthew J. McDonald of Stamos and Trucco LLP, for its complaint against the defendants, Banner and Witcoff, Ltd., Charles Call, and Eugene Nelson states as follows:

## NATURE OF THE ACTION

1.     This action is brought by Parus Holdings, Inc. ("Parus"), seeking compensatory and punitive damages from Banner & Witcoff, Ltd. ("Banner"), Charles Call ("Call"), and Gordon Nelson ("Nelson"), for their negligence and breaches of fiduciary duty relating to Parus' patent rights in a computer controlled telephony system which was the subject of Banner's, Call's, and Nelson's representation of Parus' predecessor-in-interest, Vail Systems, Inc ("Vail").

## THE PARTIES

2.    Plaintiff, Parus is a Delaware corporation doing business in Illinois as the successor-in-interest to Vail's web telephony business.  Parus is the owner of the patents secured by Vail that protect a unique computer controlled telephony system (the "System").  The System was conceived of and developed by Vail's primary innovator and inventor, Alex Kurganov ("Kurganov").  Kurgnov is currently Parus' chief technology officer and is a shareholder in the corporation.

3.    Banner is an Illinois professional corporation and a national, intellectual property law firm that was retained to provide legal services regarding securing patent rights in the System for Vail.

4.    Call was a partner at Banner and the principal attorney handling the Vail matter at Banner.

5.    Nelson was another Banner attorney who provided legal services on the Vail matter.

## FACTUAL BACKGROUND

### Vail Retains Banner, Call, and Nelson

6.    Vail was established in 1991 as a corporation dedicated to developing telephony systems.  Between 1994-1996, Kurganov conceived of and developed the technology that would become the System.

2

7.    During the summer of 1996, Robert Swartz ("Swartz") was hired by Vail to conduct a market study and develop a marketing plan for the System. Swartz was named at deferent times Vice-President of Marketing and President of VE Systems, the division of Vail's business responsible for the development and marketing of the System.

8.    As the System's potential for a lucrative widespread commercial application became apparent, Vail determined that it should patent the System to protect its interests in its intellectual property.

9.    Swartz was delegated the task of retaining patent counsel on behalf of Vail who would advise Vail on securing patent rights in the System and file a provisional patent application with the ultimate purpose of Vail securing full and exclusive patent rights in the System.

10.    On or about February 10, 1997, Vail retained Banner, Call and Nelson.    Banner's engagement letter to Vail specifically thanked Vail for "entrusting Banner and Witcoff with Vail System's provisional application for its Internet telephony sever." Banner's New Client Form identifies Vail as the Client, Call as the "originating attorney" and Nelson as the "billing attorney." Banner's New Matter Form again identifies Vail as Banner's client and labels the new matter as "Telephone Server." Additionally, Banner's invoices for legal work performed in relation to this matter were sent to and paid by Vail. These payments

3

were, made pursuant to Swartz's March 3, 1997 memorandum to Vail's Controller in which Swartz indicated that the provisional patent application to be filed by Banner was for "Vail Systems Inc."

11.    Vail trusted Banner, Call, and Nelson, as its attorneys, to represent and protect its interests in the System. To this end, Vail sent Banner confidential materials and information to facilitate its preparation of the provisional patent application, including proprietary lists of the System's features and, relevant computer hardware and the source code necessary to implement the System.

## The Provisional Patent Application and Failure to Secure an Assignment

12.    On March 3, 1997, Banner filed Provisional Patent Application No. 60/040,056 for the System ("Vail Provisional"). Despite being retained by Vail to advise it on how to secure its rights in the System, neither Call nor Nelson advised Vail to obtain assignments of rights in the patents from the inventor(s), a critical step in ensuring that its rights in the system were protected. In fact, although Kurganov was the sole inventor of the System, apparently at Swartz's request, Banner listed both Kurganov and Swartz as inventors on the provisional application without Vail's or Kurganov's consent.

## Call Assists Swartz in Personally Securing Patent Rights in the System

13.    During the summer of 1997, a dispute between Vail and Swartz arose after Vail determined that Swartz lacked the skill and qualifications to

perform his duties.  Call learned of the dispute between Swartz and his client, Vail, during the summer of 1997, while still a partner at Banner.  Despite his knowledge of this dispute, and in breach of the fiduciary duties he owed to Vail, Call undertook a course of conduct directly adverse to Vail by rendering legal advice to Swartz personally, advice which assisted Swartz in claiming personal rights in and priority to the technology contained in the Vail Provisional.  Call fraudulently concealed from Vail the fact that he was rendering legal advice to Swartz and that he and Swartz were working in concert to undermine Vail's intellectual property and proprietary interests in the System.

### Banner and Nelson Advised To Take No Further Action With Respect To the Vail Matter

14.    On December 16, 1997, while Call was still a partner at Banner, Jeffery Pine, an attorney from Brinks, Hofer, Gilson and Lione, newly retained by Vail to file patent applications on its behalf, sent a letter to Banner re: "Provisional Application 60/040.056 filed March 3, 1997." This letter, addressed to Nelson at Banner specifically references Banner's client file number which identifies Vail as the client, and states as follows:

> We represent Vail Systems Inc., as well as Webley Systems, Inc. on patent matters.  Please do nothing further regarding the above-identified provisional patent application.  All right, title and interest in the application and the underlying subject matter is vested in our client.  Mr. Robert Swartz is neither an inventor of the subject matter of the application, nor someone with any property right in the same. He has no authority concerning this application.

15.    Vail and its successors-in-interest trusted Banner, Call, and Nelson, as attorneys who owed fiduciary duties and ethical obligations to their client to comply with the instructions contained in the Pine letter, to take no further action with respect to the Vail Provisional, and to refrain from taking instructions from Swartz regarding the Vail Provisional.

**Banner and Nelson Send Vail's File to Call
Without Vail's Knowledge or Consent**

16.    On December 31, 1997, Call left Banner.  In furtherance of the course of conduct he undertook while a partner at Banner, he continued to assist Swartz in his plan to subvert Vail's and Vail's successors'-in-interest patent rights by securing a patent to the same technology invented by Kurganov and which would claim priority to the Vail Provisional.  Call and Swartz agreed that Call would receive a 1/3 interest in any patents he secured on Swartz's behalf that claimed priority to the Vail Provisional and were based upon the source code and technology developed by Kurganov.

17.    In order to gain access to the intellectual property that underlay the System, Call advised Swartz to send Nelson a letter at Banner instructing him to forward Banner's entire Vail file to Call.  These instructions were in clear disregard of the instructions contained in the Pine letter.  Swartz sent this letter to Nelson on February 13, 1998.

6

18.    Without the knowledge or consent of Vail, contrary to the instructions of Pine's December 16, 1997 letter, and in breach of the fiduciary and other duties owed to Vail, Nelson, and Banner through Nelson, complied with Swartz's unauthorized request and forwarded Vail's entire confidential file to Call. This file included the entire provisional patent application, confidential information including the source code, and the serial number and filing date of the provisional patent application all of which were essential to allow Call to file Swartz's patent applications.    Nelson and Banner fraudulently concealed from Vail the fact that Vail's entire file was sent to Call and this act could not have been discovered through the exercise of ordinary diligence.

## The Issuance and Concealment of the Swartz Patents

19.    Vail filed non-provisional patent applications based on and having claims directed to the same inventions disclosed in the Vail Provisional.  Two of these applications issued as patents: U.S. Patent Application Serial No. 09/033,335 filed on March 2, 1998, issued as U.S. Patent No. 6,775,264 on August 10, 2004 and U.S. Patent Application Serial No. 09/260,279 filed March 2, 1999, issued as U.S. Patent No. 6,807,257 on October 19, 2004 (collectively, the "Parus Patents"). Both of these patents are currently assigned to and owned by Parus.

20.    Just as Vail was filing its first non-provisional patent application, Call filed non-provisional patent applications in Swartz's name claiming priority

7

to the Vail Provisional. Specifically, a first non-provisional patent application was filed on March 2, 1998 and a second on April 27, 2002. These patents issued in 2002 and 2004 respectively ("Swartz Patents").

21.    Parus was unaware of application for or the existence of the Swartz Patents until February 2006 when Kurganov was served with a subpoena by a defendant in a California declaratory judgment action filed by Swartz to enforce his patents.

22.    In order to claim priority to a provisional patent, a party must specifically reference the provisional patent application number and the date of filing in addition to the trade secret data submitted with the provisional application. This information that is confidential and not part of the public record. Vail and Parus had no reason to suspect that Nelson and Banner had committed such a gross violation of the attorney-client relationship as to deliver its entire file, including the confidential provisional patent application, to a third party who sought to undermine its rights and regarding whom they had been advised had no authority regarding the subject matter. Accordingly, Vail and Parus did not and could not have discovered the existence of the Swartz Patents because of Banner's, Call's, and Nelson's acts of negligence and breaches of fiduciary duty described above.

23.    Moreover, in an effort to prevent Vail from discovering that Banner, Nelson and Call had assisted Swartz in filing his own non-provisional patent application that claimed priority to the Vail Provisional, Call and Swartz misidentified the Vail Provisional Patent application number and filing date on the non-provisional patent applications filed on behalf of Swartz.  Thus, although the Vail Provisional was filed on March 3, 1997 and its application number was 60/040,056, Call and Swartz claimed priority to application number 60,040,046 and listed the filing date as March 7, 1997.

24.    In reliance on the priority of its patents Parus expended some $474,000 to develop a marketing and licensing plan for its patents which it was about to initiate when it discovered the existence of the Swartz Patents which had the effect of placing a cloud on the title to Parus' Patents. The existence of the Swartz Patents and Swartz's act of filing suit to enforce them against a third party made Parus' marketing and licensing plan impossible and rendered that $474,000 investment without value in that no licensee would undertake a license from Parus while still apparently exposed to patent claims by Swartz.

25.    The existence of the Swartz Patents and the negligent acts and breaches of fiduciary duty on the parts of Banner, Call and Nelson that led to their issuance were fraudulently concealed from Vail and Parus.  Neither Vail nor Parus could have discovered Banner's, Call's, and Nelson's negligent acts and breaches

9

of fiduciary duty any sooner than they did through the exercise of ordinary diligence. Moreover, the trust and confidence Vail and Parus placed in Banner, Call, and Nelson to comply with their ethical and fiduciary obligations prevented Vail and Parus from discovering Banner's, Call's, and Nelson's negligent acts and breaches of fiduciary duty.

### Banner's Representation of Swartz In Parus' Federal Lawsuit Against Him

26.    The Swartz Patents threatened to render the Parus Patents valueless and to eviscerate Parus' business. Only by expending its limited resources in litigating its patent rights in the System could Parus protect itself from Swartz's, Banner's, Call's and Nelson's misconduct. In March 2006, one month after discovering the existence of the Swartz Patents, Parus filed a lawsuit against Swartz and his company, Web Telephony, LLC, in the United States District Court for the Northern District of Illinois ("federal litigation"). Parus sought to have itself declared the rightful owner and inventor of the System and the patents protecting it, to establish priority of invention, and to recover damages for Swartz's misappropriation of trade secrets.

27.    To Parus' astonishment and vexation, without seeking consent and in violation of its legal, fiduciary and ethical obligations, Banner, Parus' predecessor-in-interest's former counsel, filed an appearance and represented Swartz in the federal litigation. Banner's representation of Swartz constituted a

self-evident conflict of interest and breach of fiduciary duty with respect to Parus because Parus is Vail's successor-in-interest and owner of the very patents and intellectual property that were the subject of Banner's representation of Vail and the subject of the federal litigation.   Banner's representation of Swartz was directly adverse to Parus' interests and in breach of the fiduciary duties owed to its former client, Vail, and Vail's successor-in-interest, Parus.

28.    Upon learning that Banner had filed an appearance on behalf of Swartz in the federal litigation, Parus' counsel contacted Banner, informed them of the self-evident conflict of interest and requested that they withdraw.   After Banner rejected Parus' demand that it cease its representation of Swartz in the federal litigation, Parus became obliged to file a motion to disqualify.   A lengthy and costly briefing process ensued.   When it became apparent that Parus' motion to disqualify would be granted, Banner reluctantly withdrew from the federal litigation on the morning of the scheduled decision rather than face a ruling on the merits.

29.    Several months after Banner withdrew, the case was settled.   The settlement agreement between Parus and Swartz was necessary to protect Parus' interests from Swartz and his competing patents.

11

30.    Parus incurred in excess $1.3 million in legal fees in the federal litigation.    These fees were the direct result of defendants' improper conduct as described herein.

## COUNT I
## BREACH OF FIDUCIARY DUTY

**(Against Banner For Representing Swartz In The Federal Litigation)**

31.    Parus incorporates and realleges by reference paragraphs 1-30 as if fully set forth herein.

32.    As former counsel of Vail, Parus' predecessor in interest, Banner owed Parus fiduciary duties with respect to its intellectual property and source code in the Vail Provisional and the subsequently issued Parus Patents.

33.    Illinois Rule of Professional Conduct 1.6 provides:

(a)    a lawyer shall not, during or after termination of the professional relationship with the client, use or reveal a confidence or secret of the client known to the lawyer unless the consents after disclosure.

34.    Illinois Rule of Professional Conduct Rule 1.9 Provides:

(a) A lawyer who has formerly represented a client in a matter shall not thereafter:

(1) represent another person in the same or substantially related matter in which that person's interests are materially adverse to the interests of the former client, unless the former client consents after disclosure; or

12

2) use information relating to the representation to the disadvantage to the former client unless:

(A) such use is permitted by Rule 1.6; or

(B) the information has become generally known.

35. Banner breached its duty owed to Parus by:

a. Representing Swartz in the federal litigation in relation to the identical matter regarding which Banner had previously represented Vail without consent;

b. Using and revealing confidential information obtained from Vail in its defense of Swartz without obtaining Parus' consent in violation of Illinois Rule of Professional conduct 1.6.

c. Depriving Parus of the assistance of its former counsel in its effort to defend and protect its patent rights in the System;

d. Refusing to withdraw as Swartz's counsel in the federal litigation until Parus' motion to disqualify was fully briefed and it became apparent that it would not prevail on the merits of the issue;

e. Using the information relating to its prior representation of Vail to Parus' disadvantage in its effort to protect Swartz's wrongfully obtained patent rights and to protect itself; and

13

    f.   Substantially undermining Parus' ability to litigate its rights against Swartz in so far as Banner, as counsel to Parus' predecessor-in-interest, actively sought to prevent Parus from proving its case.

36.    Banner's representation of Swartz resulted in Parus' former counsel actively seeking to thwart and undermine Parus' claim by formulating positions directly adverse to Parus' interests on the very matter upon which Banner had provided legal services to Parus' predecessor-in-interest. Banner's assisting Swartz in developing and pleading defenses to Parus' claims made the case more difficult to prosecute and caused Parus to enter into a less favorable settlement agreement with Swartz than would otherwise have been possible and caused it to forfeit its ability to proceed to trial and prevail. Moreover, Banner's refusal to withdraw as counsel for Swartz, despite the self-evident conflict of interest, and Parus' demand that it do so, obliged Parus to engage in a lengthy and costly effort to have Banner disqualified as Swartz's counsel. Banner's resistance to this effort at every step was a substantial impediment to Parus' ability to litigate its claim against Swartz because it caused Parus to consume resources and incur additional attorneys fees.

37.    As a result of Banner's actions, Parus incurred in excess of $1.3 million in legal bills in asserting its claim against Swartz and in seeking to have Banner disqualified.

14

WHEREFORE, Plaintiff Parus Holdings Inc. demands judgment in its favor and against Defendant, Banner & Witcoff, Ltd., for compensatory and punitive damages suffered as a result of Banner's breaches of fiduciary duty plus attorney's fees and interest, all in excess of $50,000.

## COUNT II
## LEGAL MALPRACTICE AND BREACH OF FIDUCIARY DUTY

### (Against Banner and Call)

38.    Parus incorporates and realleges by reference paragraphs 1-37 as if fully set forth herein.

39.    Call and Banner were engaged in an attorney-client relationship with Vail, owed Vail fiduciary duties, and had the obligation to act in Vail's best interest.

40.    Illinois Rule of Professional Conduct 1.7 provides:

    (a)    A lawyer shall not represent a client if the representation of that client will be directly adverse to another client unless:

    (1)    the lawyer reasonably believes the representation will not adversely affect the relationship with the other client; and

    (2)    each client consents after disclosure.

41.    Call and Banner breached their fiduciary duties and were negligent in their representation of Vail by:

15

a. Providing legal services to Swartz that were directly adverse to Vail while Vail was its client without Vail's knowledge or consent in violation of Illinois Rule of Professional Conduct 1.7;

b. Providing legal services to Swartz to assist him in securing competing patent rights to those which rightfully belonged to Vail and to which Swartz had no legitimate claim, in violation of Illinois Rule of Professional Conduct 1.7;

c. Failing to advise Vail to secure assignments from the inventors on the Vail Provisional;

d. Using and revealing confidential information obtained from Vail in assisting Swartz to secure personal patent rights in the System without requesting or obtaining Vail's or Parus' consent, in violation of Illinois Rule of Professional Conduct 1.6.

e. Fraudulently concealing the cause of action which Parus has against them.

42. But for Call's and Banner's negligence, Swartz would not have wrongfully secured patent rights that were in direct competition with and in violation of those owned by Parus. Further, Parus would not have had to expend $1.3 million in legal fees to defend its rights against Swartz and the licensing

16

program for which Parus expended some $474,000 to implement would not have been rendered valueless by Swartz's competing claim.

WHEREFORE, Plaintiff Parus Holdings Inc. demands judgment in its favor and against Defendants, Charles Call and Banner & Witcoff, Ltd., for damages suffered as a result of Call's and Banner's negligence and breach of duty, punitive damages, plus attorney's fees and interest, all in excess of $50,000.

## COUNT III
## LEGAL MALPRACTICE AND BREACH OF FIDUCIARY DUTY

### (Against Call)

43.    Parus incorporates and realleges by reference paragraphs 1-42 as if fully set forth herein.

44.    Call was engaged in an attorney-client relationship with Vail, owed Vail fiduciary duties, and had the obligation to act in Vail's best interest.

45.    Call breached his fiduciary duties and was negligent in his representation of Vail by:

   a.  Advising Swartz to request that Nelson send Call Banner's entire Vail file in total disregard to the clear instructions contained in the Pine letter and in violation of Illinois Rule of Professional Conduct 1.6;

17

b. Providing legal services in violation of Illinois Rule of Professional Conduct 1.9 to Swartz that were directly adverse to his former client, Vail, without Vail's knowledge or consent

c. Providing legal services to Swartz to assist him in securing competing patent rights to those which rightfully belonged to Vail and to which Swartz had no legitimate claim in violation of Illinois Rule of Professional Conduct 1.9;

d. Misidentifying the serial number and filing date of the Vail Provisional on the Swartz Non-Provisional Patent Applications to conceal it from Vail;

e. Using Vail's confidential information to prepare Swartz's patent applications; and

f. Fraudulently concealing the cause of action which Parus has against him.

46.     But for Call's negligence, Swartz would not have wrongfully secured patent rights that were in direct competition to and in violation of those owned by Parus. Further, Parus would not have had to expend $1.3 million in legal fees to defend its rights against Swartz and the licensing program for which Parus expended some $474,000 to implement would not have been rendered valueless by Swartz's competing claim.

18

WHEREFORE, Plaintiff Parus Holdings Inc. demands judgment in its favor and against Defendant, Charles Call, for damages suffered as a result of Call's negligence and breach of duty, punitive damages, plus attorney's fees and interest, all in excess of $50,000.

## COUNT IV
## LEGAL MALPRACTICE AND BREACH OF FIDUCIARY DUTY

### (Against Banner and Nelson)

47.    Parus incorporates and realleges by reference paragraphs 1-46 as if fully set forth herein.

48.    Banner and Nelson were engaged in an attorney client relationship with Vail, owed Vail fiduciary duties, and had the obligation to act in Vail's and its successor-in-interest's best interest.

49.    Banner and Nelson breached their fiduciary duties and were negligent in their representation of Vail by:

a. Providing legal services to Swartz to assist him in securing competing patent rights to those which rightfully belonged to Vail and to which Swartz had no legitimate claim in violation of Illinois Rule of Professional Conduct 1.7;

b. Sending Call Banner's entire confidential Vail file in total disregard to the clear instructions contained in the Pine letter in violation of Illinois Rule of Professional Conduct 1.6;

19

c. Failing to advise Vail to secure assignments from the named inventors on the Vail Provisional; and

d. Fraudulently concealing the cause of action which Parus has against them.

50.    But for Nelson's and Banner's negligence, Swartz would not have wrongfully secured patent rights that were in direct competition with those owned by Parus. Further, Parus would not have had to expend $1.3 million in legal fees to defend its rights against Swartz and the licensing program for which Parus expended some $474,000 to implement would not have been rendered valueless by Swartz's competing claim.

WHEREFORE, Plaintiff Parus Holdings Inc. demands judgment in its favor and against Defendant, Gordon Nelson, for damages suffered as a result of Nelson's negligence and breach of fiduciary duty, punitive damages, plus attorney's fees and interest, all in excess of $50,000.

## COUNT V
## <u>MISAPPROPRIATION OF TRADE SECRETS</u>
## <u>UNDER THE ILLINOS TRADE SECRETS ACT</u>

### (Against Banner, Call, and Nelson)

51.    Parus incorporates and realleges by reference paragraphs 1-50 as if fully set forth herein.

52.    Vail entrusted Banner, Call, and Nelson with the confidential and proprietary information contained in the Vail Provisional, including, but not limited to the filing date and serial number of the Vail provisional and the System's source code. This information was in the control of Banner, Call, and Nelson and they were all aware that the information contained in the Vail Provisional constituted a trade secret that was subject to the protection provided under the Illinois Trade Secret Act.

53.    Despite their knowledge that the Vail Provisional was Vail's trade secret, Banner, Call, and Nelson willfully and maliciously misappropriated this confidential and proprietary information by disclosing the Vail Provisional to Swartz and using it to assist Swartz in filing competing non-provisional patent applications which purported to claim priority to the Vail Provisional, without the knowledge or consent of Vail.

54.    At the time of Banner's, Call's, and Nelson's misappropriation of Vail's trade secrets, they knew, as Vail's attorneys, that they had acquired Vail's trade secrets under circumstances giving rise to a duty to maintain its secrecy.

55.    But for Banner's, Call's and Nelson's misappropriation of Vail's trade secrets, Swartz would not have wrongfully secured patent rights that were in direct competition with those owned by Parus. Further, Parus would not have had to expend $1.3 million in legal fees to defend its rights against Swartz and the

licensing program for which Parus expended some $474,000 to implement would not have been rendered valueless by Swartz's competing claim.

WHEREFORE, Plaintiff Parus Holdings Inc. demands judgment in its favor and against Defendants, Banner & Witcoff, Ltd., Charles Call, and Gordon Nelson, for damages suffered as a result of their misappropriation of trade secrets in violation of the Illinois Trade Secret Act, 765 ILCS 1065/1 et. seq., punitive damages, plus attorney's fees and interest, all in excess of $50,000.

Respectfully submitted,

**Parus Holdings, Inc.,**

By: _____
        One of Its Attorneys

James J. Stamos
Matthew J. McDonald
STAMOS & TRUCCO LLP
30 West Monroe Street
Suite 1600
Chicago, IL  60603
Telephone:  (312) 630-7979
Facsimile:   (312) 630-1183
Firm ID No. 18324

22

## U.S. DISTRICT COURT FOR THE NORTHERN DISTRICT OF ILLINOIS
### ATTORNEY APPEARANCE FORM

NOTE: In order to appear before this Court an attorney must either be a member in good standing of this Court's general bar or be granted leave to appear *pro hac vice* as provided for by Local Rules 83.12 through 83.14.

| In the Matter of | Case Number: |
|---|---|
| Parus Holdings, Inc. v. Banner & Witcoff, Ltd., et al. | |

AN APPEARANCE IS HEREBY FILED BY THE UNDERSIGNED AS ATTORNEY FOR:

Defendant Banner & Witcoff, Ltd.

| NAME (Type or print) |
|---|
| Jeffrey T. Petersen |

| SIGNATURE (Use electronic signature if the appearance form is filed electronically) |
|---|
| s/ Jeffrey T. Petersen |

| FIRM |
|---|
| Bell, Boyd & Lloyd LLP |

| STREET ADDRESS |
|---|
| 70 W. Madison St., #3100 |

| CITY/STATE/ZIP |
|---|
| Chicago, IL 60602 |

| ID NUMBER (SEE ITEM 3 IN INSTRUCTIONS) | TELEPHONE NUMBER |
|---|---|
| 6274377 | 312.807.4297 |

| ARE YOU ACTING AS LEAD COUNSEL IN THIS CASE? | YES ☐ | NO ☑ |
|---|---|---|
| ARE YOU ACTING AS LOCAL COUNSEL IN THIS CASE? | YES ☑ | NO ☐ |
| ARE YOU A MEMBER OF THIS COURT'S TRIAL BAR? | YES ☐ | NO ☑ |
| IF THIS CASE REACHES TRIAL, WILL YOU ACT AS THE TRIAL ATTORNEY? | YES ☐ | NO ☑ |

| IF THIS IS A CRIMINAL CASE, CHECK THE BOX BELOW THAT DESCRIBES YOUR STATUS. |
|---|
| RETAINED COUNSEL ☐    APPOINTED COUNSEL ☐ |