IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| PARUS HOLDINGS, INC., | ) |
| Plaintiff, | ) Case No.   08 C 1535 |
| v. | ) Hon. Judge William T. Hart |
| BANNER & WITCOFF, LTD., *et al.*, | ) Magistrate Judge Morton Denlow |
| Defendants. | ) |

### DEFENDANT BANNER & WITCOFF, LTD.'S MOTION TO DISMISS COUNTS II, IV AND V OF PLAINTIFF'S COMPLAINT, TO DISMISS, IN PART, COUNT I OF PLAINTIFF'S COMPLAINT AND TO DISMISS AND/OR STRIKE PLAINTIFF'S PUNITIVE DAMAGES CLAIM

Defendant Banner & Witcoff, Ltd., by its undersigned counsel and pursuant to Fed. R. Civ. P. 12(b)(6), respectfully moves this Court to enter an Order (a) dismissing Counts II, IV and V of Plaintiff's Complaint; (b) dismissing, in part, Count I of Plaintiff's Complaint; and, (c) dismissing Plaintiff's claim for punitive damages. The grounds for this motion are as follows:

1.  Plaintiff alleges that Banner & Witcoff, Ltd. was negligent and breached its fiduciary duties by: (a) filing a provisional patent application for an individual, Robert Swartz, who allegedly was not an inventor of the invention in issue (Count II); (b) sending the provisional patent application file to Mr. Swartz (Count IV); and, (c) representing Mr. Swartz in a patent lawsuit that Plaintiff brought against him for a declaration of inventorship and ownership of the invention in issue (Count I). A count is also asserted against Banner & Witcoff, Ltd. under the Illinois Trade Secret Act, 765 ILCS 1065/1, *et seq.*, for misappropriation of trade secrets (Count V).

2.  Plaintiff alleges that the foregoing acts and omissions caused it to incur compensatory damages in excess of $1 million in legal fees to prosecute its patent inventorship and ownership lawsuit against Mr. Swartz. Plaintiff demands punitive damages against Banner & Witcoff, Ltd. in each of the foregoing Counts.

3.  Count I fails to state a cause of action against Banner & Witcoff, Ltd. Plaintiff could have requested its legal fees as part of the underlying litigation and it is now barred from seeking those fees in this legal malpractice action. *See Steinberg v. Harmon*, 259 A.D.2d 318, 686 N.Y.S.2d 423 (1999).

4.  Counts II and IV fail to state a cause of action, because they are brought on behalf of Vail Systems, Inc., not on behalf of Plaintiff, Parus Holdings, Inc. Plaintiff alleges that it is the owner of patents secured by Vail Systems, Inc. and that it is the successor-in-interest to "Vail's web telephony business", not to Vail Systems, Inc. itself. *See* Complaint at ¶2. Neither of these allegations are sufficient to have Plaintiff stand as successor-in-interest to Vail Systems, Inc. *See Plant Genetic Systems, N.V. v. Ciba Seeds,* 933 F. Supp. 514, 517 (M.D.N.C. 1996); *SMI Industries Canada, Ltd. v. Caelter Industries, Ltd.,* 586 F. Supp. 808, 815-16 (N.D.N.Y. 1984); *Telectronics Proprietary, Ltd. v. Medtronic, Inc.,* 836 F.2d 1332, 1336 (Fed. Cir. 1988). Vail Systems, Inc. is an ongoing, independent corporation in good standing with the State of Illinois and is not a party to this action. Therefore, causes of action cannot be asserted by Plaintiff on behalf of Vail Systems, Inc.

5.  Count V, for violation of the Illinois Trade Secrets Act, fails to state a cause of action, because the Complaint does not allege that Banner & Witcoff, Ltd. used the allegedly misappropriated trade secret in its business. *See RRK Holding Co. v. Sears, Roebuck & Co.,* 2007 WL 495254, *2 (N.D. Ill., Feb. 14, 2007); *United States Gypsum Co. v. LaFarge North America, Inc.,* 508 F. Supp.2d 601, 623 (N.D. Ill. 2007); *Arcor, Inc. v. Haas,* 363 Ill.App.3d 396, 400, 842 N.E.2d 265, 269, 299 Ill. Dec. 526, 530 (1st Dist. 2005).

6.  Plaintiffs' demand for punitive damages must be stricken because Illinois statutory law prohibits the recovery of punitive damages in legal malpractice cases. *See* 735 ILCS 5/2-1115.

WHEREFORE, for the foregoing reasons and for the reasons more fully set forth in the accompanying Memorandum of Points and Authorities in Support of Defendant's Motion to Dismiss, which is incorporated herein by reference, Defendant, Banner & Witcoff, Ltd., respectfully requests that the Court dismiss Counts II, IV and V in full, dismiss, in part, Count I and dismiss Plaintiff's claim for punitive damages as to all counts.

Dated: March 18, 2008                    Defendant, BANNER & WITCOFF, LTD.


                                         /s/ Jeffrey T. Petersen
                                         One of its Attorneys

Brian E. Martin
Jeffrey T. Petersen
Bell Boyd & Lloyd LLP
70 West Madison Street
Suite 3100
Chicago, Illinois 60602-4207
(312) 372-1121
jpetersen@bellboyd.com
bmartin@bellboyd.com


Pamela A. Bresnahan
Steven R. Becker
Vorys, Sater, Seymour and Pease LLP
1828 L Street, N.W.
11th Floor
Washington, D.C. 20036-5109
(202) 467-8800
pabresnahan@vorys.com
srbecker@vorys.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 18th day of March, 2008, a copy of Banner & Witcoff, Ltd.'s Motion To Dismiss Counts II, IV And V Of Plaintiff's Complaint, To Dismiss, In Part, Count I Of Plaintiff's Complaint And To Dismiss and/or Strike Plaintiff's Punitive Damages Claim, was served pursuant to ECF delivery for the following ECF users:

James J. Stamos, Esquire
Matthew J. McDonald, Esquire
Stamos & Trucco LLP
30 West Monroe Street
Suite 1600
Chicago, Illinois 60603

/s/ Jeffrey T. Petersen