IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| PARUS HOLDINGS, INC., | ) |
| Plaintiff, | ) Case No.　　08 C 1535 |
| v. | ) Hon. Judge William T. Hart |
| BANNER & WITCOFF, LTD., *et al.*, | ) Magistrate Judge Morton Denlow |
| Defendants. | ) |

<u>MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
DEFENDANT BANNER & WITCOFF, LTD.'S MOTION TO DISMISS COUNTS II, IV
AND V OF PLAINTIFF'S COMPLAINT, TO DISMISS, IN PART,
COUNT I OF PLAINTIFF'S COMPLAINT AND TO DISMISS
AND/OR STRIKE PLAINTIFF'S PUNITIVE DAMAGES CLAIM</u>

Defendant Banner & Witcoff, Ltd., by its undersigned counsel and pursuant to Fed. R. Civ. P. 12(b)(6), respectfully requests that this Court enter an Order dismissing Counts II, IV and V of Plaintiff's Complaint; dismissing, in part, Count I of Plaintiff's Complaint; and dismissing and/or striking Plaintiff's claim for punitive damages.

**I.　　BACKGROUND.**

This action arises out of a dispute concerning ownership and inventorship of a patent obtained in 2002 by Robert Swartz for a computer-controlled telephony system. Plaintiff now contends that it is the owner of the invention that Mr. Swartz patented. According to Plaintiff's Complaint,[1] in 1997, Mr. Swartz was delegated the responsibility by his former employer, Vail Systems, Inc. ("Vail"), to retain counsel to file a provisional patent application for the invention. *See* Complaint at ¶9. Mr. Swartz retained Banner & Witcoff, Ltd. and instructed it to identify him (Swartz) and a Vail employee, Alex Kurganov, as co-inventors on the provisional patent

---

[1] Banner & Witcoff, Ltd. does not admit the truth of the allegations of the Complaint. It is merely asserting them so the Court may understand the nature of this lawsuit, as alleged. The facts are far different from those alleged in the Complaint but, for purposes of this motion, the allegations must be accepted by the Court as true. *See, e.g., Williams v. Ramos*, 71 F.3d 1246, 1250 (7th Cir.1995).

application. *Id.* at ¶12. Banner & Witcoff, Ltd. did so and filed a provisional patent application on March 3, 1997. *Id.*

Vail learned in 1997 that Mr. Swartz had been designated as a co-inventor on the provisional patent application. Vail hired counsel, who wrote a letter on December 16, 1997 to Eugene Nelson, an attorney with Banner & Witcoff, Ltd., asking him to do nothing further with respect to the provisional patent application that had been filed. *Id.* at ¶14. Vail's counsel posited that Mr. Swartz was not an inventor of the invention and had no property right in the provisional patent application. *Id.*

In 1998, Mr. Swartz retained Charles Call, who previously was an attorney with Banner & Witcoff, Ltd., to file a non-provisional patent application. *Id.* at ¶16. Letters patent were issued to Mr. Swartz in 2002. *Id.* at ¶20. Coincidentally, Vail obtained a patent in 2004 for what it alleges is the same invention or patent claims as were claimed in Mr. Swartz's patent. *Id.* at ¶¶19-20. Plaintiff alleges that it had no way of knowing that Mr. Swartz had filed a non-provisional patent application and that Vail learned of his patent (which issued in 2002) only after one of Plaintiff's employees was subpoenaed in 2006 in a patent lawsuit between Mr. Swartz and another company. *Id.* at ¶¶20-21.

In March 2006, Plaintiff filed a suit against Mr. Swartz in the Northern District of Illinois under the United States patent laws, 35 U.S.C. §§256 and 116, in which it sought to have the court declare that Mr. Kurganov was the sole inventor and owner of Mr. Swartz's patents and patent applications. *Id.* at ¶26. Banner & Witcoff, Ltd. initially represented Mr. Swartz in that lawsuit, but withdrew after Plaintiff filed a motion to disqualify the firm. *Id.* at ¶28. Plaintiff alleges that Banner & Witcoff, Ltd.'s appearance in the lawsuit somehow "caused [Plaintiff] to enter into a less favorable settlement agreement with Swartz than would otherwise have been possible and caused it to forfeit its ability to proceed to trial and prevail." *Id.* at ¶36.

Based on the foregoing allegations, Plaintiff alleges that Banner & Witcoff, Ltd. was negligent and breached its fiduciary duties by: (1) filing a provisional patent application for Robert Swartz, who allegedly was not an inventor of the invention in issue (Count II); (2) sending the provisional patent application file to Mr. Swartz (Count IV); and (3) representing Mr. Swartz in a patent lawsuit that Plaintiff brought against Mr. Swartz for a declaration of inventorship and ownership of the invention in issue (Count I). A count is also asserted against

Banner & Witcoff, Ltd. under the Illinois Trade Secret Act, 765 ILCS 1065/1, *et seq.*, for misappropriation of trade secrets (Count V).[2] For all Counts, Plaintiff alleges that the foregoing acts and omissions caused it compensatory damages in excess of $1 million, which are the legal fees Plaintiff incurred to prosecute its patent inventorship and ownership lawsuit against Mr. Swartz. In Counts II, IV and V, Plaintiff also alleges that it spent $474,000 to pursue a licensing program, which was rendered valueless as a result of Banner & Witcoff, Ltd.'s filing of the provisional patent application and subsequent transmittal of the application file to Mr. Swartz. *See* Complaint at ¶¶42, 50, 55. Plaintiff demands punitive damages against Banner & Witcoff, Ltd. in each of the foregoing Counts.

## II.  ARGUMENT.

Under Fed. R. Civ. P. 12(b)(6), a motion to dismiss lies when a plaintiff has not alleged sufficient facts in the complaint that, if proven, would entitle it to the requested relief. *See, e.g., DeWalt v. Carter,* 224 F.3d 607, 612 (7th Cir. 2000). Here, even if proven, the facts alleged in Counts II, IV and V would not entitle Plaintiff to the relief requested therein. Moreover, the facts alleged in Count I would not entitle Plaintiff to recover the damages it seeks, namely, the attorneys' fees it incurred in attempting to disqualify Banner & Witcoff, Ltd. from the underlying litigation. Therefore, these claims should be dismissed.

### A.  Counts II and IV Fail To State a Cause of Action.

Counts II and IV allege that Banner & Witcoff, Ltd. was "engaged in an attorney-client relationship with Vail [Systems, Inc.]" and that the law firm "owed Vail fiduciary duties." *See* Complaint ¶¶39, 44. Plaintiff further alleges that Defendants "breached their fiduciary duties and were negligent in their representation of Vail…" *Id.* at ¶¶41, 45. Significantly, Plaintiff does not allege that Banner & Witcoff, Ltd. breached any duties owed to *Plaintiff.*

Plaintiff alleges that it is the owner of patents secured by Vail Systems, Inc. and that it is the successor-in-interest to "Vail's web telephony business." *See* Complaint at ¶2. That allegation is different than stating that Plaintiff is the successor-in-interest to Vail Systems, Inc. itself. Plaintiff cannot allege that it is the successor-in-interest to Vail because, at all relevant times, Vail Systems, Inc. has been an ongoing, independent corporation in good standing with

---

[2] Count III is asserted only against Defendant Charles Call.

the State of Illinois.[3] The distinction is important because the mere assignment of a patent from one company to another does not confer the right upon the assignee to sue the assignor's lawyer for legal malpractice. *See, e.g., Plant Genetic Systems, N.V. v. Ciba Seeds,* 933 F. Supp. 514, 517 (M.D.N.C. 1996); *SMI Industries Canada, Ltd. v. Caelter Industries, Ltd.,* 586 F. Supp. 808, 815-16 (N.D.N.Y. 1984); *Telectronics Proprietary, Ltd. v. Medtronic, Inc.,* 836 F.2d 1332, 1336 (Fed. Cir. 1988).[4] Plaintiff's allegations in Counts II and IV do not suffice to make Parus Holdings, Inc. the successor-in-interest to Vail Systems, Inc. and certainly do not confer upon it the right to sue.

Therefore, causes of action cannot be asserted by Plaintiff on behalf of Vail Systems, Inc. Because Counts II and IV do not allege that Defendant breached any duty owed to Parus Holdings, Inc., neither Count states a viable cause of action in favor of Plaintiff. Counts II and IV should be dismissed.

    **B.    Plaintiff Does Not State a Cause of Action in Count I for the Recovery of Attorneys' Fees Incurred In Attempting to Disqualify Banner & Witcoff, Ltd. From the Underlying Litigation.**

In Count I, Plaintiff alleges that Banner & Witcoff, Ltd. breached fiduciary duties by temporarily defending Robert Swartz in a patent lawsuit that Plaintiff brought to obtain a declaration of inventorship and ownership of the invention in issue. Mr. Swartz was designated as a co-inventor on the provisional patent application that Banner & Witcoff, Ltd. filed in 1997. *See* Complaint at ¶12. Plaintiff alleges that Defendant's:

> [R]efusal to withdraw as counsel for Swartz [in the patent lawsuit], despite the self-evident conflict of interest, and Parus' demand that it do so, obliged Parus to engage in a lengthy and costly effort to have Banner disqualified as Swartz's counsel. Banner's resistance to this effort at every step was a substantial impediment to Parus' ability to

---

[3] The Illinois Secretary of State database reveals that Vail Systems, Inc., is a corporation in good standing. *See* <http://www.ilsos.gov/corporatellc>, last visited 3/5/2008. In considering a motion to dismiss, the court may consider matters of which it can take judicial notice. *See Anderson v. Simon,* 217 F.3d 472, 474-75 (7th Cir.2000). Records from the Illinois Secretary of State's office are public records of which the court may take judicial notice. *See Maldonado v. Creative Woodworking Concepts, Inc.,* 296 Ill.App.3d 935, 938, 230 Ill. Dec. 743, 694 N.E.2d 1021, 1025 (1998).

[4] In contrast, Count I alleges that Banner & Witcoff, Ltd. breached duties it allegedly owed to Parus Holdings, Inc. *See* Complaint at ¶35. Although that allegation will not ultimately be supported by the facts, for purposes of a motion to dismiss, the Court must deem it to be true.

litigate its claim against Swartz because it caused Parus to consume resources and incur additional attorneys fees. *Id.* at ¶36.

In connection with this claim, Plaintiff seeks as compensatory damages the fees it incurred "in seeking to have [Defendant] disqualified." *Id.* at ¶¶37-38.

Under Fed. R. Civ. P. 11, where an attorney files a paper not well-grounded in fact or law, a party may move for appropriate sanctions, "which may include an order to pay... a reasonable attorney fee." Plaintiff alleges that Defendant wrongfully opposed efforts at disqualification despite a "self-evident" conflict. Thus, as part of the underlying litigation, Plaintiff could have requested that Defendant be ordered to pay the fees incurred in seeking Banner & Witcoff, Ltd.'s disqualification. Because Plaintiff could have requested the fees as part of the underlying litigation, it is now barred from seeking those fees as damages in this subsequent malpractice claim. *See, e.g., Estate of Steinberg v. Harmon*, 259 A.D.2d 318, 686 N.Y.S.2d 423 (1999).

In *Steinberg,* the court dismissed as a matter of law a claim for legal malpractice, in which the plaintiff sought as damages the legal fees it incurred in disqualifying the defendant in the underlying lawsuit. *Id.* The court explained, "Plaintiff does not show any damages attributable to defendant's alleged ethical breach, other than the attorney's fees it incurred in litigating defendant's disqualification... the request for fees, if recoverable, should have been raised in the proceeding in which the disqualification occurred." *Id.* Thus, if Defendant's refusal to withdraw from the underlying matter was so egregious and inappropriate that a fee award was warranted, Plaintiff needed to request it in the underlying matter, not in this subsequent legal malpractice action.

Therefore, Count I of Parus' Complaint should be dismissed to the extent that it seeks as damages the attorneys' fees Plaintiff incurred in attempting to disqualify Banner & Witcoff, Ltd. from the underlying litigation.[5]

---

[5] Plaintiff also alleges in Count I that it forfeited its ability to proceed to trial and prevail as a result of Banner & Witcoff, Ltd.'s transitory representation of Mr. Swartz and that it had to enter into a less favorable settlement agreement. *Id.* at ¶36. These allegations, too, are without merit. However, because the allegations must be taken as true for purposes of a motion to dismiss, Banner & Witcoff, Ltd. recognizes that Plaintiff at least *alleges* a cause of action for alleged impairment to Plaintiff's recovery in the underlying lawsuit and, therefore, does not move to dismiss the remaining portion of Count I at this time.

### C. Count V Fails to State a Cause of Action Against Banner & Witcoff, Ltd. for Misappropriation of Trade Secrets.

Count V of the Complaint purports to assert a claim for misappropriation of trade secrets under the Illinois Trade Secrets Act, 765 ILCS 1065/1, *et seq.* ("ITSA"). In order to assert a claim under the ITSA, a plaintiff must allege that the information at issue was: (1) a trade secret; (2) misappropriated; and, (3) used in the defendant's business. *See RRK Holding Co. v. Sears, Roebuck & Co.*, 2007 WL 495254, *2 (N.D. Ill., Feb. 14, 2007); *United States Gypsum Co. v. LaFarge North America, Inc.*, 508 F. Supp.2d 601, 623 (N.D. Ill. 2007); *Arcor, Inc. v. Haas*, 363 Ill.App.3d 396, 400, 842 N.E.2d 265, 269, 299 Ill. Dec. 526, 530 (1st Dist. 2005).

Plaintiff's complaint fails to state a cause of action against Banner & Witcoff, Ltd. under the ITSA, because there is no allegation that the law firm used Plaintiff's trade secrets in its business. The complaint merely alleges that Banner & Witcoff, Ltd. negligently sent the file containing Plaintiff's trade secrets to another lawyer, Charles Call, in 1998. *See* Complaint at ¶18. Consequently, Plaintiff does not state a cause of action under the ITSA against Banner & Witcoff, Ltd. Count V, as alleged against Banner & Witcoff, Ltd., should be dismissed.

### D. Plaintiff's Demand For Punitive Damages Should Be Stricken, Because Punitive Damages In a Legal Malpractice Case Are Statutorily Prohibited.

Illinois statutory law prohibits the recovery of punitive damages in legal malpractice cases:

> In all cases, whether in tort, contract or otherwise, in which the plaintiff seeks damages by reason of legal, medical, hospital, or other healing art malpractice, no punitive, exemplary, vindictive or aggravated damages shall be allowed.

735 ILCS 5/2-1115.

Plaintiff seeks punitive damages in each of the counts asserted against Banner & Witcoff, Ltd. Counts II and IV, by their express terms, assert claims for legal malpractice against Banner & Witcoff, Ltd. Parus' demand for punitive damages must be stricken as a matter of law.

Likewise, although Count I is cast as a claim for "breach of fiduciary duty", it is nonetheless a claim for legal malpractice. "[T]he availability of punitive damages depends on whether plaintiff's breach of fiduciary duty claim falls within 'the rubric of [legal] malpractice.'" *Brush v. Gilsdorf*, 335 Ill.App.3d 356, 360, 783 N.E.2d 77, 80, 270 Ill. Dec. 502, 505 (2002)

(second alteration in original). The Court must look to the nature of the behavior alleged in the complaint to determine whether the activities fall within the term "legal malpractice". *Id.*

Count I asserts nothing more than an alleged breach of the duties owed by an attorney to his former client. This same type of claim was found in *Owens v. McDermott, Will & Emery*, 316 Ill.App.3d 340, 736 N.E.2d 145, 249 Ill. Dec. 303 (2000), to constitute a claim for legal malpractice. The plaintiff in *Owens* alleged that his attorney breached fiduciary duties owed to him as a former client, in violation of Rule 1.9. *Owens*, 316 Ill.App.3d at 352, 736 N.E.2d at 156, 249 Ill. Dec. at 314. In *Owens,* the lawyer was alleged to have violated Rule 1.9 by assisting a corporate client to remove certain restrictive stock legends from the plaintiff's wife's stock certificates, to the detriment of the former client. *Id.* at 353, 736 N.E.2d at 157, 249 Ill. Dec. at 315. The court found that, as alleged, the lawyer breached Rule 1.9. *Id.* at 352, 736 N.E.2d at 156, 249 Ill. Dec. at 314. The court also held that the breach of fiduciary duty claim, which was based on violations of duties owed to a former client under Rule 1.9, was essentially a claim for legal malpractice:

> Although not articulated clearly, it appears that Owens' next claim asserts both a claim of legal malpractice as well as a breach of fiduciary duty claim. Generally, a claim against an attorney for breach of fiduciary duty falls under the rubric of professional malpractice.

*Id.* at 351, 736 N.E.2d at 155, 249 Ill. Dec. at 313.

There is no distinction between the allegations in *Owens* and those asserted in Count I against Banner & Witcoff, Ltd. A lawyer's alleged violation of Rule 1.9, by acting against his former client's interests in a matter that is the same or substantially related to the lawyer's prior representation of the client, constitutes a breach of the lawyer's duty of care owed to the client. That is the essence of a claim for legal malpractice. Indeed, the legal standards for asserting Plaintiff's claim for breach of fiduciary duty are the same as those that are used for a legal malpractice action, namely, (1) the existence of an attorney-client relationship that establishes a duty on the part of the attorney; (2) a negligent act or omission constituting a breach of that duty; (3) proximate cause establishing that "but for" the attorney's breach of duty, the plaintiff would have prevailed in the underlying action; and, (4) damages. *Id.* Accordingly, the claims in Count I fall within the rubric of legal malpractice and the demand for punitive damages should be stricken as to Count I as well.

III.   CONCLUSION.

For the foregoing reasons, Defendant, Banner & Witcoff, Ltd., respectfully requests that this Court enter an Order dismissing Plaintiff's claim for punitive damages, dismissing Counts II, IV and V of Plaintiff's Complaint and dismissing, in part, Count I of Plaintiff's Complaint.

Dated: March 18, 2008                    Defendant, BANNER & WITCOFF, LTD.


                                         /s/ Jeffrey T. Petersen
                                         One of its Attorneys

Brian E. Martin
Jeffrey T. Petersen
Bell Boyd & Lloyd LLP
70 West Madison Street
Suite 3100
Chicago, Illinois 60602-4207
(312) 372-1121
jpetersen@bellboyd.com
bmartin@bellboyd.com


Pamela A. Bresnahan
Steven R. Becker
Vorys, Sater, Seymour and Pease LLP
1828 L Street, N.W.
11th Floor
Washington, D.C. 20036-5109
(202) 467-8800
pabresnahan@vorys.com
srbecker@vorys.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 18th day of March, 2008, a copy of Memorandum of Points and Authorities in Support of Banner & Witcoff, Ltd.'s Motion To Dismiss Counts II, IV And V Of Plaintiff's Complaint, To Dismiss, In Part, Count I Of Plaintiff's Complaint And To Dismiss and/or Strike Plaintiff's Punitive Damages Claim, was served pursuant to ECF delivery for the following ECF users:

James J. Stamos, Esquire
Matthew J. McDonald, Esquire
Stamos & Trucco LLP
30 West Monroe Street
Suite 1600
Chicago, Illinois 60603

/s/ Jeffrey T. Petersen