UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| PARUS HOLDINGS, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v.  ) | NO. 08 C 1535 |
| ) | |
| BANNER & WITCOFF, LTD., CHARLES ) | Judge Hart |
| CALL; and EUGENE NELSON, ) | |
| ) | Magistrate Judge Denlow |
| Defendants. ) | |

**MOTION TO REMAND CASE TO**
**CIRCUIT COURT OF COOK COUNTY, ILLINOIS**

Plaintiff, Parus Holdings, Inc., by and through its attorneys, James J. Stamos and Matthew J. McDonald of Stamos and Trucco LLP, respectfully moves this Court to enter an order remanding this cause of action to the Circuit Court of Cook County, Illinois. In support of this motion, Plaintiff states:

1. Parus's claims sound in Illinois law and do not implicate a substantial question of federal patent law. This Court therefore lacks jurisdiction and must remand this cause of action to the Circuit Court of Cook County, Illinois.

2. The gravamen of Plaintiff's claims is that but for Defendants' negligence and breaches of fiduciary duty, a former Vail officer named Robert Swartz would not have been able to claim priority to the provisional patent application the Defendants filed on behalf of Parus' predecessor-in-interest. Defendants' negligence and breaches of fiduciary duty forced Parus to file suit against and eventually settle with Swartz. The

mere existence of the Swartz Patents, made possible only through Defendants' negligence and breaches of duty, have rendered Parus' marketing plan without value and fostered a perception in the marketplace that the Swartz Patents cloud Parus' title to its patents.

3. Plaintiff's claims do not depend on this Court determining the validity, enforceability, and/or scope of either the Swartz or Parus Patents. Plaintiff claims relate solely to the stigmatization of the Parus Patents caused by the existence of the Swartz Patents which claim priority to our Provisional application. Where the validity, enforceability and/or scope of a patent is not at issue in a legal malpractice case, and a plaintiff instead seeks relief for the stigma on a patents' marketability, no issue of federal patent law is implicated and no federal jurisdiction pursuant to 28 U.S.C. 1336 exists. *IMT, Inc. et al v. Haynes and Boone, LLP et al,* 1999 WL 58838 at 3 (N.D. Tex.).

WHEREFORE, for the foregoing reasons and for the reasons set forth in the accompanying Memorandum in Support Plaintiff's Motion to Remand, incorporated herein by reference, Plaintiff, Parus Holdings Inc., respectfully requests that this court remand this case to the Circuit Court of Cook County, Illinois.

Respectfully submitted,

**Parus Holdings, Inc.,**

By: /s/James J. Stamos
One of Its Attorneys

James J. Stamos
Matthew J. McDonald
STAMOS & TRUCCO LLP
30 West Monroe Street, Suite 1600
Chicago, IL 60603
Telephone: (312) 630-7979
Facsimile: (312) 630-1183