UNITED STATES DISTRICT COURT FOR
THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| PARUS HOLDINGS, INC., )<br><br>Plaintiff )<br><br>v. )<br><br>BANNER & WITCOFF, LTD., et al. )<br><br>Defendants ) | Civil Action No. 08 C 1535 |

BANNER & WITCOFF, LTD.'S OPPOSITION
TO PLAINTIFF'S MOTION TO REMAND

I.    INTRODUCTION AND SUMMARY OF THE ARGUMENT.

Federal jurisdiction is determined based on the allegations in the complaint
at the time of removal. *See Air Measurement Technologies, Inc. v. Akin Gump
Strauss Hauer & Feld, LLP,* 504 F.3d 1262, 1268 (Fed. Cir. 2007). The Supreme
Court has established a two part test to decide which cases arise under federal
patent law, so as to permit the exercise of federal question jurisdiction:

> [Federal question jurisdiction extends] over only those cases in
> which a well-pleaded complaint establishes either that federal patent
> law creates the cause of action or that the plaintiff's right to relief
> necessarily depends on resolution of a substantial question of federal
> patent law, in that patent law is a necessary element of one of the
> well-pleaded claims.

*Christianson v. Colt Indus. Operating Corp.,* 486 U.S. 800, 808-09, 108 S. Ct.
2166, 2173 (1988).

The second part of the *Christianson* test is applicable here. Each count of
Plaintiff's Complaint requires resolution of a substantial question of federal patent
law to permit Plaintiff, Parus Holdings, Inc. ("Parus"), to prevail.

This lawsuit arises out of a dispute over the inventorship of certain inventions that were the subject of a provisional patent application filed in March 1997. The provisional patent application identified two inventors – Alex Kurganov and Robert Swartz. Parus alleges that Swartz should not have been listed as an inventor. *See* Complaint at ¶¶12, 26. Further, Parus alleges that the designation of Swartz as an inventor allowed him eventually to obtain patents that allegedly claimed Kurganov's invention as Swartz's own invention. *Id.* at ¶16. Despite Parus' attempt in its Motion to Remand to recast its lawsuit, the Complaint repeatedly alleges that (a) Swartz subverted Parus' patent rights[1] by securing for himself patent rights in Kurganov's alleged invention (*id.* at ¶¶16, 41); (b) Swartz's patents "were in direct competition to and violation of" Parus' patent rights (*id.* at ¶¶29, 42, 45, 46, 49, 50, 53, 55); and, (c) "no" third parties would undertake a license from Parus because they were concerned about being exposed to infringement claims by Swartz (*id.* at ¶24).

On the face of the Complaint, Parus' claims depend upon resolution of a substantial question of federal patent law. Each of the counts allege that the Parus and Swartz patents claim the same subject matter and, therefore, Swartz obtained patent rights "in direct competition with and in violation of" Parus' patent rights. Thus, Parus' lawsuit requires that this Court review Swartz's and Kurganov's patents and construe the scope of their respective claims, to determine whether the Swartz and Parus patents, in fact, "directly compete" against one another and to determine if prospective licensees practicing the teachings of the Kurganov patents reasonably would fear being exposed to infringement of the Swartz patents.

Additionally, Parus claims as damages in this lawsuit the legal fees it incurred in prosecuting its patent inventorship suit against Swartz. As a predicate

---

[1] Parus alleges that it acquired the rights to Kurganov's patent through a series of assignments. *See* Complaint at ¶19.

to all of its claims in this legal malpractice lawsuit, Parus must prove that Swartz did not have inventorship rights to the invention claimed in his patent, in order to prove that Parus' patent lawsuit against Swartz and its incurrence of legal fees in connection therewith were warranted and necessary.

Finally, Parus' allegation in Count I that, as a result of Defendants' alleged negligence, Parus was unable to proceed to trial in its patent suit against Swartz and that the value of its patent lawsuit against Swartz was compromised, requires trying the underlying patent case. *See generally Sheppard v. Krol,* 218 Ill.App.3d 254, 578 N.E.2d 212 (1991) (merits of the underlying "case-within-the-case" must be tried where lawyer's negligence is said to have prevented the plaintiff from obtaining a better result in the underlying lawsuit). To satisfy its burden of proof, Parus must prove that its patent inventorship case against Swartz was compromised, thus requiring proof that Parus would, in fact, have prevailed in the patent lawsuit but for Defendants' alleged negligence. *Id.*

In sum, the predicate for each of Parus' counts against Defendants – Parus' inventorship rights, the existence of "competing" patent claims, and Parus' inability to fully prosecute the underlying patent lawsuit – require resolution of substantial questions of federal patent law. Accordingly, the Court has federal jurisdiction under 28 U.S.C. §1338.

## II.    ARGUMENT.

### A.    A Substantial Question of Patent Law is Presented Because Resolution of This Legal Malpractice Action Requires Construction of Swartz's and Parus' Patents to Determine If, As Alleged, They Claim the Same Subject Matter and "Compete" With One Another.

Federal jurisdiction exists if the construction and scope of patents are a necessary element of the plaintiff's legal malpractice claim. *See Immunocept, LLC v. Fulbright & Jaworski, LLP,* 504 F.3d 1281 (Fed. Cir. 2007). The Complaint requires judicial determination of the scope of the patentable subject

matter claimed in Parus' and Swartz's patents.  Claim scope is clearly at issue, because each count of the Complaint is predicated upon the allegation that Defendants' alleged breaches permitted Swartz to obtain patents that claimed rights to Parus' invention and "directly competed" with Parus' patent.  *See* Complaint at ¶¶16, 24, 29, 41, 42, 45, 46, 49, 50, 53, 55.

Paragraph 16 alleges that Charles Call assisted Swartz "to subvert Vail's and Vail's successors'-in-interest patent rights by securing a patent to the same technology invented by Kurganov and which would claim priority to the Vail Provisional."  In particular, the Complaint alleges that Swartz's patent claimed as its subject matter "the source code and technology developed by Kurganov." *Id.* Further, the Complaint alleges that Swartz's patent application claimed priority to the provisional patent application that was filed in 1997, which contained what was supposedly Kurganov's invention, and no one else's. *Id.* at ¶¶12, 20.

The Complaint further alleges that Swartz's patent rendered Parus' marketing and licensing plan valueless because "no licensee would undertake a license from Parus while still apparently exposed to patent claims by Swartz." *Id.* at ¶24.  Because Swartz's patent allegedly claimed the same subject matter as Parus' patent, Parus alleges throughout the Complaint that the patents were "competing patents." *Id.* at ¶¶29, 41b, 42, 50, 53, 55.  More specifically, the Complaint alleges that Swartz "wrongfully secured patent rights that were in direct competition with and in violation of those owned by Parus" (*id.* at ¶¶41d, 42, 45c, 46); that he secured "competing patent rights to those which rightfully belonged to Vail and to which Swartz had no legitimate claim" (*id.* at ¶49a); and that Swartz's patent presented a "competing claim" to Parus' patent rights (*id.* at ¶¶42, 46, 50, 55).  Parus then alleges that the underlying patent lawsuit, seeking a declaration that Parus's assignor, Kurganov, was the inventor of Swartz's patent, was necessary "to protect Parus' interests from Swartz and his competing claims." *Id.* at ¶¶26, 29.

Parus' allegations require that the Court review Parus' and Swartz's patents and construe their respective claims to determine if, in fact, they claim the same patentable subject matter so as to "directly compete" against one another, and determine if a third party prospective licensee practicing the teachings of the Kurganov patents would infringe the Swartz patents. If Parus' and Swartz's patents claim different subject matter, then their respective patents do not "compete" against one another, and Parus cannot prove its causes of action against Defendants. Accordingly, the construction and scope of Parus' and Swartz's patents are a necessary element of Parus' legal malpractice claims. Consequently, this Court may exercise jurisdiction over Parus' claims. *See Immunocept,* 504 F.3d 1281.

**B.    This Case Presents a Substantial Question of Federal Patent Law Because, to Establish Entitlement to Damages For the Fees Incurred in Prosecuting the Underlying Patent Suit, Parus Must Prove That It Had a Meritorious Patent Claim Against Swartz.**

In each of its counts against Defendants, Parus claims as damages the $1.3 million in legal fees it allegedly incurred in prosecuting its underlying patent lawsuit against Robert Swartz. The underlying lawsuit involved claims under federal patent law, 35 U.S.C. §256, "to correct the inventorship of United States patents and patent applications. . ." *See* Exhibit 1 at ¶¶1-3. Where a lawsuit requires a determination of inventorship of a patent, the relief necessarily depends upon resolution of a substantial question of federal patent law. *See MCV, Inc. v. King-Seely Thermos Co.,* 870 F.2d 1568, 1570 (Fed. Cir. 1989).

In order to prove entitlement to damages for the fees incurred in the underlying patent lawsuit, Parus must first prove that the incurrence of those fees was reasonable and necessary. Fundamentally, that requires that Parus prove that it had a meritorious cause of action under federal patent law, 35 U.S.C. §256, against Swartz for a declaration of inventorship of his patent. *See Sheppard v. Krol,* 218 Ill.App.3d 254, 256, 578 N.E.2d 212, 214 (1991) ("In any legal

malpractice action, a plaintiff must plead the existence of a valid underlying cause of action.") If Parus did not have a meritorious claim for inventorship under the federal patent laws, then it cannot claim as damages in this lawsuit the fees it incurred in prosecuting its patent lawsuit against Swartz.

Therefore, in order to prevail on any of its claims, Parus must prove that Kurganov was the sole inventor and owner of the inventions claimed in Swartz's patents. That issue necessarily requires the resolution of a substantial question of federal patent law. *Accord MCV, Inc., supra.* Accordingly, federal jurisdiction exists under 28 U.S.C. §1338. *See Christianson,* 486 U.S. at 808-09, 108 S. Ct. at 2173.

### C. A Substantial Question of Federal Patent Law is Presented Because Count I Demands Damages for Conduct That Allegedly Precluded Parus From Prosecuting and Prevailing in the Underlying Patent Suit Against Swartz.

If proof of an issue of patent law is necessary to show that the plaintiff would have prevailed in underlying patent litigation but for its attorney's negligence, then patent law is a necessary element of the legal malpractice claim and presents a substantial question of patent law that confers federal jurisdiction under 28 U.S.C. §1338. *See Air Measurement Technologies, Inc. v. Akin Gump Strauss Hauer & Feld, LLP,* 504 F.3d 1262 (Fed. Cir. 2007) ("*AMT*").

Count I alleges that Defendants' alleged breaches of fiduciary duty forced Parus "to enter into a less favorable settlement agreement with Swartz than would otherwise have been possible and caused it to forfeit its ability to proceed to trial and prevail." *See* Complaint at ¶36.[2] Parus seeks compensatory damages as a result of Defendants' alleged breaches of fiduciary duty. *Id.* at ¶38.

---

[2] Specifically, Parus alleges that "Banner's assisting Swartz in developing and pleading defenses to Parus' claims made the case more difficult to prosecute and caused Parus to enter into a less favorable settlement agreement with Swartz than would otherwise have been possible and caused it to forfeit its ability to proceed to trial and prevail." *Id.*

To prove proximate cause, Parus must prove the case within this legal malpractice case – that, but for Defendants' alleged breaches of duty, Parus would have proceeded to trial and prevailed in its patent inventorship case against Swartz. *See Sheppard*, 218 Ill.App.3d at 257, 578 N.E.2d at 214 ("Because a plaintiff must establish that but for the attorney's negligence he would have been successful in the underlying action, plaintiff is essentially required to prove a case-within-a-case; specifically, establishing a prima facie product liability case and then proving it in order to prove the legal malpractice case.") Consequently, a substantial question of federal patent law must be resolved, because the relief demanded by Parus requires proof that it would have prevailed against Swartz in the underlying patent lawsuit.

In *AMT*, the court held that "Section 1338 jurisdiction extends to any case 'in which a well-pleaded complaint establishes either that federal patent law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal patent law, in that patent law is a necessary element of one of the well-pleaded claims.'" *Id.* at 1267-68. Similar to Parus' claims in Count I, the plaintiff in *AMT* alleged that errors made by its attorney in prosecuting a patent forced the plaintiff to settle subsequent infringement suits "for sums demonstrably less than their fair value." *Id.* at 1268.

To prove that the attorney's negligence proximately caused damage, AMT had to prove that the underlying patent suit would have been won but for the attorney's breach of duty. *Id.* at 1269. This requirement is known as proving the "case-within-the-case." It is the proof of the element of proximate cause in a legal malpractice action. *Id.* Federal patent law was a necessary element of AMT's right to relief, because the underlying suit that had been compromised by the attorney's negligence was a patent lawsuit. *Id.*

Likewise, federal patent law is a necessary element of Parus' right to relief. To establish proximate cause in Count I, Parus must prove its underlying patent

case against Swartz, in order to prove that it would have prevailed and that the settlement with Swartz was not as favorable as the outcome of Parus' patent suit would have been. *Id.*

Parus' Motion to Remand relies on *IMT Inc. v. Haynes and Boone, LLP*, 1999 WL 58838 (N.D. Tex., Feb. 1, 1999) ("*Haynes & Boone*"). *Haynes & Boone* is readily distinguishable, for several reasons. First, unlike the plaintiff in *Haynes & Boone*, Parus alleges that Swartz's patents compromised Parus' patents. As a result, Parus alleges that its licensing program was rendered valueless and it had to expend $1.3 million to prosecute its patent lawsuit against Swartz. In fact, the district court in the *Air Measurement Technologies* lawsuit distinguished *Haynes & Boone* for the same reasons. As the district court stated in *AMT*:

> In *IMT Inc. v. Haynes and Boone, L.L.P.*, the court held that the action "focuses on defendants' conduct as patent attorneys, not on the validity and enforceability of the patent." However, the reason for this finding was that the plaintiff in that case stipulated to the validity and enforceability of the patent. By contrast, Plaintiffs are arguing in this case that Hamilton's negligence has compromised the validity and enforceability of their patent, forcing them to settle their claims for low sums.

*Air Measurement Technologies, Inc. v. Hamilton*, 2003 WL 22143276, *2-3 (W.D. Tex.), *aff'd. sub nom, Air Measurement Technologies, Inc. v. Akin, Gump, Strauss, Hauer & Feld, LLP*, 504 F.3d 1262 (Fed. Cir. 2007).

Second, the court in *Haynes & Boone* held that it lacked federal question jurisdiction because it found that the action did not involve the validity, scope, or infringement of IMT's patent. *See Haynes and Boone, LLP*, 1999 WL 58838 at *2. The opposite is true here. Parus repeatedly alleges that Swartz's patents claim the same subject matter as Parus' patent and that Swartz' patent claims compete against Parus' patent. Further, Parus alleges that Swartz's patents exposed licensees of Parus' patents to infringement claims by Swartz. *See, e.g.,* Complaint at ¶24. Parus' allegations require the Court to construe the Parus and Swartz

8

patents to determine if they do, in fact, claim the same subject matter and, therefore, compete against or infringe one another.  Further, the allegations require the Court to determine if a third party potential licensee of the Parus patents would infringe the Swartz patents and thus, those parties would fear exposure to an infringement claim based upon the Swartz patents.  Thus, *Haynes & Boone* is inapposite.

## III.    CONCLUSION.

Federal jurisdiction may be exercised under 28 U.S.C. §1338.  Plaintiff's Motion to Remand should be denied.

Dated April 25, 2008                        Defendant, BANNER & WITCOFF, LTD.


                                            By:    /s/ Jeffrey T. Petersen
                                                    One of its attorneys

Brian E. Martin
Jeffrey T. Petersen
Bell Boyd & Lloyd LLP
70 West Madison Street
Suite 3100
Chicago, Illinois  60602-4207
(312) 372-1121
jpetersen@bellboyd.com
bmartin@bellboyd.com


Pamela A. Bresnahan
Steven R. Becker
Vorys, Sater, Seymour and Pease LLP
1828 L Street, N.W.
Suite 1111
Washington, D.C.  20036-5109
(202) 467-8800
pabresnahan@vorys.com
srbecker@vorys.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 25th day of April, 2008, a copy of Banner & Witcoff, Ltd.'s Opposition to Plaintiff's Motion to Remand was served pursuant to ECF delivery upon the following ECF users:

James J. Stamos, Esquire
Matthew J. McDonald, Esquire
Stamos & Trucco LLP
30 West Monroe Street
Suite 1600
Chicago, Illinois  60603

By:  ___/s/ Jeffrey T. Petersen_____
One of its attorneys

# EXHIBIT 1

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| PARUS HOLDINGS, INCORPORATED, a Delaware Corporation, | |
| Plaintiff | Civil Action No. |
| v. | Judge: |
| WEB TELEPHONY, LLC, an Illinois Corporation and ROBERT SWARTZ, an individual, | Magistrate Judge: |
| Defendant. | JURY TRIAL DEMANDED |

## COMPLAINT

Plaintiff PARUS HOLDINGS, INC. ("Parus"), by its attorneys, KELLEY DRYE & WARREN LLP, for its Complaint against Defendants WEB TELEPHONY, LLC ("Web Telephony") and ROBERT D. SWARTZ ("Defendant Swartz") states as follows:

### NATURE OF THE ACTION

1.      This Action is brought to correct the inventorship of United States patents and patent applications currently pending in the United States Patent and Trademark Office ("U.S. Patent and Trademark Office") to correct the serial number of the provisional application on which priority is claimed in these patents and patent applications, and to correct ownership to patents and patent applications.

2.      Specifically, Parus, pursuant to 35 U.S.C. § 256, brings this action to correct inventorship of U.S. Patent Nos. 6,445,694 ("the '694 Patent") and 6,785,266 ("the '266 Patent"), entitled "Internet Controlled Telephone System" and to name Alex Kurganov the sole

inventor of these patents. True and correct copies of the '694 and '266 Patents are attached hereto as Exhibits 1 and 2, respectively.

3.      In addition, Parus, pursuant to 35 U.S.C. § 116, brings this action to correct inventorship of U.S. Patent Application Serial Nos. 10/914,652 ("the '652 Application") and 10/991,033 ("the '033 Application"), also entitled "Internet Controlled Telephone System." True and correct copies of the published '652 and '033 Applications are attached hereto as Exhibits 3 and 4, respectively. The '694 and '266 Patents and the '652 and '033 Applications are collectively referred to herein as the "Patents-In-Suit."

4.      In addition, Parus seeks damages and disgorgement of all profits made by Swartz and/or Web Telephony as a result of their wrongful assertions of inventorship and ownership of the Patents-In-Suit.

## THE PARTIES

5.      Parus is a corporation organized under the laws of the State of Delaware, with its principal place of business located at 3000 Lakeside Drive, Suite 300N, Bannockburn, Illinois 60015.

6.      Web Telephony is a limited liability corporation organized under the laws of the State of Illinois, with its principal place business located at 520 Lake Cook Road, Suite 178, Deerfield, Illinois 60015.

7.      Upon information and belief, Defendant Swartz is a resident of the State of Illinois with his principal place of residence located at 349 Marshman Avenue in Highland Park, Illinois.

## FACTUAL BACKGROUND

8.      The Patents-In-Suit are based on and directed to the same inventions disclosed in
U.S. Provisional Patent Application Serial No. 60/040,056 which was filed by Vail Systems, Inc.
("Vail"), Mr. Kurganov's previous employer, on March 3, 1997 ("Vail Provisional"). Currently,
the Patents-In-Suit erroneously claim priority to U.S. Provisional Application Serial No.
60/040,046.

9.      In the early to mid-nineties, Mr. Kurganov conceived and began to design a
unique computer-based telephony system. Mr. Kurganov designed the system to be accessible
by subscribers via a regular telephone using DTMF (touchtone commands) or voice recognition.
In addition, the system was designed to be accessed through an internet website.

10.      The system had numerous features including, but not limited to, voicemail, find
me/follow me calling, calendaring, and address books as well as the abilities to receive faxes on
the same number as telephone calls are received, forward faxes to email, read email to
subscribers over the telephone, and allow subscribers to read voicemail messages on the web
page.

11.      Eventually, Mr. Kurganov designed a prototype for his computer-based telephony
system and began to improve its features.

12.      In about August 1996, Vail retained Defendant Swartz for his marketing
expertise. Sometime in the fall of 1996, Vail delegated to Defendant Swartz the project of
finding a niche market for Mr. Kurganov's computer-based telephony system. Defendant
Swartz's project included conducting a market study relating to advanced telephony service
providers.

13.    Vail monetarily compensated Mr. Swartz for the services he provided to Vail.

14.    In early 1997, Vail decided that Mr. Kurganov's computer-based telephony system should be protected by a patent. Because he had prior experience with patents, Defendant Swartz was entrusted with the task of finding a patent attorney to file a provisional patent application on Mr. Kurganov's system.

15.    Mr. Kurganov provided Defendant Swartz with a patent application, which included a description of the features of his computer-based telephony system and a copy of the existing source code implementing these features. On March 3, 1997, Defendant Swartz sent the patent application to a patent attorney, who on the same day filed the provisional application (the Vail Provisional) in the U.S. Patent and Trademark Office.

16.    Unbeknownst to Vail and to Mr. Kurganov, Defendant Swartz named himself as a joint inventor of the Vail Provisional.

17.    When Vail and Mr. Kurganov learned that Defendant Swartz named himself as a joint inventor, they confronted him and advised him that Mr. Kurganov was the sole inventor. Vail and Mr. Kurganov further informed Defendant Swartz that any non-provisional applications based on and claiming priority to the Vail Provisional would name Mr. Kurganov as the sole inventor. Defendant Swartz refused to remove his name from the Vail Provisional.

18.    Subsequently, in connection with the filing of a non-provisional application, patent attorneys for Vail's successor-in-interest determined that Mr. Kurganov should be the sole named inventor.

19.     The non-provisional patent applications based on and directed to the same inventions disclosed in the Vail Provisional named Alex Kurganov as the sole inventor. Some of these applications issued as patents, and additional applications currently are pending. All of these patents and patent applications currently are assigned to and owned by Parus.

20.     Vail assigned and transferred all right, title, and interest in and to the Vail Provisional and all patent applications and patents based on and directed to the same inventions disclosed in the Vail Provisional to Webley Systems, Inc. ("Webley"). Ex. 5. Through a series of assignments, mergers, and transfers, Parus now owns the entire right, title, and interest in and to the Vail Provisional and all patents, patent applications, continuations, and divisionals based on and directed to the inventions disclosed in the Vail Provisional. Ex. 6.

21.     Unbeknownst to Vail, Webley, Parus and Mr. Kurganov, Defendant Swartz filed non-provisional applications which were based on and directed to the same inventions disclosed in the Vail Provisional. These applications matured into the '694 and '266 Patents. Defendant Swartz named himself as the sole inventor in these patents.

22.     Despite the fact that the '694 and '266 Patents issued in 2002 and 2004, respectively, Webley, Parus, and Mr. Kurganov were unaware of these patents because they incorrectly claimed priority to irrelevant U.S. Provisional Patent Application Serial No. 60/040,046 entitled "Tunable Vertical Cavity Surface Emitting Lasers For 150MN" (Ex. 7) instead of Serial No. 60/040,056, the Vail Provisional. It was not until February 2006 that Parus and Mr. Kurganov learned of the Patents-In-Suit, as a result of being served with subpoenas in a California declaratory judgment action involving the Patents-In-Suit.

23.    On August 9, 2004, Defendant Swartz filed a patent application entitled "Internet Controlled Telephone System," which was filed as a divisional of the application that matured into the '266 Patent. The U.S. Patent and Trademark Office assigned the August 9, 2004 application Serial No. 10/914,652 ("the '652 Application"). The '652 Application is still pending in the U.S. Patent and Trademark Office.

24.    On November 17, 2004, Defendant Swartz filed a fourth patent application entitled "Internet Controlled Telephone System," which was filed as a divisional of the '652 Application. The U.S. Patent and Trademark Office assigned the August 9, 2004 application Serial No. 10/991,033 ("the '033 Application"). The '033 Application is still pending in the U.S. Patent and Trademark Office.

25.    Like the '694 and '266 Patents, the '652 and '033 Applications are based on and directed to the same inventions disclosed in the Vail Provisional, but incorrectly claim priority to irrelevant U.S. Provisional Patent Application Serial No. 60/040,046 entitled "Tunable Vertical Cavity Surface Emitting Lasers For 150MN" (Ex. 7) instead of Serial No. 60/040,056, the Vail Provisional.

26.    Mr. Kurganov is the sole inventor of the computer-based telephony system and methods for using the system disclosed and claimed in the Patents-In-Suit.

27.    Upon information and belief, Defendant Swartz assigned the '694 and '266 Patents and '652 and '033 Applications to Web Telephony's predecessor-in-interest on October 4, 2004. Further, upon information and belief, Web Telephony's predecessor-in-interest merged into Defendant Web Telephony and assigned and/or otherwise transferred all right, title, and interest in and to the Patents-In-Suit to Defendant Web Telephony on or about October 4, 2004.

28.    Parus is the sole owner of the entire right, title, and interest in and to the Patents-In-Suit, including the right to sue for an injunction and to recover damages.

## COUNT I

## CORRECTION OF INVENTORSHIP

29.    Parus incorporates by reference the allegations stated in paragraphs 1 through 28, *supra*, as though fully set forth herein.

30.    Because he did not himself invent the subject matter disclosed and claimed in the Patents-In-Suit, Defendant Swartz is not entitled to be named as the inventor of these patents and applications. Rather, Mr. Kurganov, who did invent the subject matter disclosed and claimed in the Patents-In-Suit, is the correct and sole inventor.

31.    Parus has been damaged by Defendant Swartz's improper claims of inventorship of the Patents-In-Suit and will continue to suffer irreparable injury unless this Court finds that Defendant Swartz is not the inventor and instructs the Director of the U.S. Patent and Trademark Office to issue a certificate of correction naming Mr. Kurganov as the inventor of the '694 and '266 Patents and to allow amendment of the '652 and '033 Applications to name Mr. Kurganov as the sole inventor.

## COUNT II

## DECLARATION OF OWNERSHIP

32.    Parus incorporates by reference the allegations stated in paragraphs 1 through 31, *supra*, as though fully set forth herein.

33.   Parus is the rightful owner of all subject matter disclosed and claimed in the Patents-In-Suit.

34.   Parus has been damaged by Defendant Swartz's and Web Telephony's wrongful assertions of ownership of Patents-In-Suit and will continue to suffer irreparable injury unless this Court orders Web Telephony to assign the entire, right, title, and interest in and to the Patents-In-Suit to Parus.

## JURISDICTION AND VENUE

35.   Count I of this action arises under the Patent Statute and more specifically, Sections 116 and 256 of Title 35 of the United States Code, and as a result, this Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1338(a).

36.   The Court further has jurisdiction over Count II, Parus' ownership claims under Illinois common law, under the provisions of 28 U.S.C. §§ 1338(b) and 1367(a) in that said claims are joined with a substantial and related claim under the Patent Statute.

37.   This Court has personal jurisdiction over Web Telephony because Web Telephony is an Illinois corporation, has a principal place of business in this district, and does business in this district.

38.   This Court has personal jurisdiction over Defendant Swartz because on information and belief, Defendant Swartz resides in this district, and the activities complained of herein took place in this district.

39.    Venue is proper in this Judicial District pursuant to 28 U.S.C. §§ 1391(c) and 1400(b), because Web Telephony has a principal of business in this district and does business in this district.

40.    Venue also is proper in this Judicial District pursuant to 28 U.S.C. §§ 1391(b) and 1400(b), because Defendant Swartz resides in this district, and the activities complained of herein took place in this district.

### JURY DEMAND

Plaintiff demands trial by jury of all issues so triable.

### PRAYER FOR RELIEF

Wherefore, Plaintiff Parus prays that the Court:

(A)    Enter judgment declaring that Alex Kurganov is the true and sole inventor of the computer-based telephony system disclosed and claimed in the Patents-In-Suit and that failure to be named as an inventor was not the result of any deceptive intent on Mr. Kurganov's part.

(B)    Enter an order instructing the Director of the U.S. Patent and Trademark Office to: (1) issue a certificate correcting the inventorship of the '694 and '266 Patents; (2) issue a certificate correcting the claim of priority for the Patents-In-Suit; and (3) allow amendment of the '652 and '033 Applications to correct inventorship by substituting Alex Kurganov for Defendant Swartz as the sole inventor.

(C)    Enter judgment declaring that Parus is the sole and exclusive owner the '694 and '266 Patents and the '652 and '033 Applications.

(D)    Permanently enjoin Web Telephony and Defendant Swartz from further asserting

any ownership rights in the '694 and '266 Patents and the '652 and '033 Applications.

(E)    Award to Parus all profits wrongfully obtained by Web Telephony and/or

Defendant Swartz as a result of their wrongful claims of inventorship and ownership of the '694

and '266 Patents and the '652 and '033 Applications;

(F)    Award to Parus its attorneys' fees;

(G)    Award to Parus its costs; and

(H)    Grant to Parus any such other and further relief this Court deems just and proper.

Dated: March 2, 2006



One of the Attorneys for Plaintiff,
Parus Holdings, Incorporated

Steve Szczepanski
Mary Jo Boldingh
Katherine L. Tabor
Scott R. Kaspar
KELLEY DRYE & WARREN LLP
333 West Wacker Drive
Suite 2600
Chicago, IL 60606
Tel.: (312) 857-7070
Fax: (312) 857-7095