UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| PARUS HOLDINGS, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | NO. 08 C 1535 |
| | ) | |
| BANNER & WITCOFF, LTD., CHARLES | ) | Judge Hart |
| CALL; and EUGENE NELSON, | ) | |
| | ) | Magistrate Judge Denlow |
| Defendants. | ) | |

**MEMORANDUM IN SUPPORT OF PLAINTIFF'S
MOTION TO REMAND**

Parus, as the successor-in-interest to Vail Inc., alleges that Banner & Witcoff, Ltd.

("Banner") committed legal malpractice and breached its fiduciary duties by providing

Robert Swartz with Vail's confidential file which contained data essential to his filing a

patent claiming priority to a provisional patent application Banner had filed on Vail's

behalf (the "Vail Provisional").   To prevail, Parus will prove that Swartz could not have

claimed priority to the Vail Provisional but for Banner's malpractice and that the very act

of claiming priority to the Vail Provisional stigmatized Parus' patents, leaving it no

option to protect its rights but to file the underlying suit against Swartz and incur

substantial fees in prosecuting and settling that suit.

Banner's removal is based on the assertion that this court has jurisdiction to

determine whether the Swartz and Parus patents compete. But our claim is not based

upon the patents competing. It is based upon our extensive allegations that third parties

quite reasonably perceived them to be competing because the patents claim priority to the

very same provisional patent application. And that state of affairs would have been impossible but for the malfeasance of the defendants. As a consequence, whether the patents actually compete is irrelevant. This Court will not be required to resolve any "substantial issue of patent law" and the Court therefore does not have jurisdiction and the case should be remanded.

## WELL-PLEADED FACTS

### Banner Files Provisional Patent Application On Behalf of Vail

Parus alleges that it is the successor-in-interest to Vail, Inc. *See Complaint* ¶ 2. Vail retained the Banner Defendants to render legal advice to secure patent protection in the internet controlled web telephony system (the "System") that its Chief Technology Officer, Alex Kurganov, invented and developed. *Id.* ¶¶ 2-3, 10. To this end, the Banner Defendants filed a provisional patent application on behalf of Vail and maintained a file on Vail's behalf that contained a proprietary description of the System's features and relevant computer hardware, and the source code required to implement the System. *Id.* ¶¶ 11-12. It also included the filing date of the Vail Provisional and its number, all information that was not publicly available and necessary to file a non-provisional patent application claiming priority to the Vail Provisional.

### Banner's Negligence And Breaches Of Duty

The Banner Defendants were negligent and breached their fiduciary duties by assisting a former Vail Officer named Robert Swartz to file his own non-provisional patent applications that claimed priority to the Vail Provisional. *Id.* ¶¶ 13-14, 16-20. The Banner Defendants also failed to advise Vail to secure an assignment of rights from

Swartz, who had wrongfully caused himself to be named as an inventor on the Vail Provisional. *Id.* ¶ 12. Further and critically, Banner sent Swartz the file it maintained on behalf of Vail in direct contravention of the clear instructions of Vail's newly retained counsel and in clear breach of its ethical and fiduciary obligations. *Id.* ¶¶ 14-18. That file contained data, without which Swartz could not have filed his patent application claiming priority to our Provisional.

### Parus Is Damaged By the Mere Existence of the Swartz Patents

Parus did not learn of the Banner Defendants' negligence and breaches of fiduciary duty, or of Swartz having claimed priority to the Vail Provisional until February 2006 when its chief technology officer was served with a third-party subpoena by a defendant in a California declaratory judgment action filed by Swartz to enforce his patents. *Id.* ¶ 21. This made clear that the mere existence of the Swartz Patents, and his aggressive enforcement of them, threatened to render the Parus Patents valueless and to eviscerate Parus's business which was developed solely to market and license the System. *Id.* ¶ 24. The Swartz Patents also rendered Parus' $474,000 investment in its marketing plan without value because no licensee would undertake a license from Parus while the Parus patents were perceived as exposed to patent claims by Swartz. *Id.*

### Banner Represents Swartz In Federal Lawsuit Brought By Parus

Once it learned of the existence of the Swartz Patents, and discovered that they claimed priority to the Vail Provisional, Parus was forced to file suit against Swartz in the United States District Court for the Northern District of Illinois to have itself declared the rightful owner and inventor of the System and the patents protecting it, to establish

3

priority of invention, and to recover damages for Swartz's misappropriation of trade secrets. *Id.* ¶ 26. To Parus' astonishment and vexation, Banner filed an appearance and represented Swartz in this federal law suit. *Id.* ¶ 27. Banner's representation of Swartz was directly adverse and in breach of the fiduciary duties it owed to Parus. *Id.* ¶ 28. After a lengthy and costly briefing process on Parus' motion to disqualify Banner in the federal litigation, Banner reluctantly withdrew on the morning of the scheduled decision as it became apparent that Parus' motion would be granted. *Id.*

### Parus And Swartz Settle And Resolve Issues Of Patent Law

Several months after Banner withdrew, Parus' suit against was Swartz was settled. *Id.* ¶ 29. The settlement agreement resolved specific patent issues between Parus and Swartz and was necessary to protect Parus' interests from Swartz. *Id.* But for the Banner Defendants' negligence and breaches of duty, Vail would have secured an assignment from Swartz, Swartz would never have been able to file non-provisional patent applications that claimed priority to the Vail Provisional, the Parus Patents' marketability would not have been stigmatized by the mere existence of the Swartz patents and Parus would not have been forced to file suit against and settle with Swartz to protect its patent's marketability. *Id.* ¶¶ 35, 41, 45, 49.

### ARGUMENT

28 U.S.C. § 1338 (a) provides federal courts with exclusive jurisdiction over any "civil action arising under and Act of Congress relating to patents. . ." In *Christianson v. Colt Indust. Operating Corp.,* 486 U.S. 800 (1988), the United States Supreme Court held that Section 1338 jurisdiction extends to any case "in which a well-pleaded complaint

establishes...that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal patent law, in that patent law is a necessary element of one of the well-pleaded claims." *Id.* at 809.

Banner removed this case to federal court arguing that Parus' claims necessarily depend on the resolution of a substantial question of federal patent law. Specifically, Banner argues that Parus' right to relief is dependent on the construction of the Parus and Swartz patents and that in order for Parus to prevail it must "prove" that it had a meritorious claim under patent law to sue Swartz. That is not our lawsuit. We seek to prove rather that the mere existence of his patents stigmatizes our patent and that he would have had no stigmatizing patents but for Defendants having violated their duties to us. The trier of fact will be required to determine whether the Banner Defendants breached their fiduciary duties and were negligent when they gave Vail's confidential file to Swartz allowing him to claim priority to the Vail Provisional, irrespective of whether the patents compete. Without their conduct, Swartz simply could not claim priority to the Vail Provisional.

In its Notice of Removal, Banner cites *Immunocept, LLC v. Fulrbight & Jaworski, LLP,* 504 F.3d 1281 (Fed. Cir. 2007) and *Air Measurement Technologies, Inc. v. Akin, Gump, Strauss, Hauer & Feld, LLP,* 504 F.3d 1262 (Fed. Cir. 2007) to support its position that Parus' claims depend on resolution of a substantial question of federal patent law. These cases are inapposite. In *Immunocept,* the plaintiff "allege[d] as the sole source of attorney error a claim drafting mistake that provided inadequate patent prosecution" and narrowed the scope of the patent. 504 F.3d at 1284-1285. Because the

5

scope of a patent is a substantial question of patent law, that case was properly removed to federal court. Here, we do not allege that Banner prosecuted our patent inadequately or that our Provisional had insufficient scope. We allege that they gave our file to someone else who was then able to assert priority to our Provisional, damaging our market position and forcing us to litigate to ameliorate the effects of their malfeasance. That implicates no federal question.

In *Air Measurement Technologies,* plaintiff alleged that but for its former attorneys' negligence, the defendants in six separate patent infringement cases would not have been able to raise invalidity and unenforceability defenses. 504 F.3d at 1266. Applying a "case within the case analysis," the court held that the lawsuit raised a substantial question of federal patent law because the underlying cases were patent infringement cases and, as such, proof of patent infringement was a "necessary element" of plaintiff's malpractice claim. *Id.* at 1269.

Unlike the plaintiff in *Air Measurement Technologies,* we do not base our claim on infringement by Swartz.[1] Here, the issue is whether the Banner Defendants were negligent and breached their fiduciary duties by assisting Swartz in securing patent rights which claimed priority to the Vail Provisional and which third parties would perceive as infringing. The actual legal relationship between the patents is irrelevant to this claim.

The case of *IMT, Inc. et al v. Haynes and Boone, LLP et al,* 1999 WL 58838 (N.D. Tex.) is more apposite. There, the plaintiff alleged that its inability to complete licensing agreements was caused by its attorney's malpractice in filing an application for a

---

[1] We do not concede that the patents do not "compete" or infringe. However, the issue is irrelevant to our claims.

continuation-in-part of an earlier patent, rather than a new application because that made the patents more easily subject to challenge for enforceability and validity, thereby rendering the patents unmarketable. *Id.* at 1. In granting Plaintiff's motion to remand, the court noted that the cause of action focused on the defendants' conduct as patent attorneys, not on the validity or enforceability of the patent. *Id* at 2. Because the plaintiff sought relief for "the stigma on the patent's marketability arising from the allegedly improperly filed patent application" and did not contest the admitted enforceability or validity of the patent, the court held that its claim did not depend on the resolution of a substantial question of patent law. *Id.* at 3. Accordingly, the court found that it lacked subject matter jurisdiction and remanded the case to state court. *Id.* at 4.[2]

Similar to *IMT, Inc.*, the validity and enforceability under federal patent law of the Swartz or Parus Patents are not in dispute. Parus, like the *IMT, Inc.* plaintiffs, alleges that Banner's negligence and breaches of fiduciary duty led to the destruction of its marketing program and put a stigma on the Parus Patents' marketability; that but for their negligence and breaches of duty, Swartz would never have been able to claim priority to the Vail Provisional, Parus' market program would be intact, and it would not have had to file suit against Swartz to protect its interests. These issues, sounding in Illinois law, do not implicate federal patent law. As such, this court lacks jurisdiction and must remand the case to the Circuit Court of Cook County.

---

[2] *See also, Adamasu v. Gifford, Krass, Groh, Sprinkle, Anderson & Citkowski, P.C.,* 409 F.Supp.2d 788 (Mich. E.D. 2005) (federal patent law not a necessary element of plaintiff's claim alleging that attorneys' negligence on patent matters cause him to suffer lost royalties and licensing fees).

## CONCLUSION

For the foregoing reasons, Plaintiff, Parus Holdings, Inc., respectfully requests that this Court enter an order remanding this case to the Circuit Court of Cook County, Illinois.

Respectfully submitted,

**Parus Holdings, Inc.,**

By:  /s/ James J. Stamos
      One of Its Attorneys

James J. Stamos
Matthew J. McDonald
STAMOS & TRUCCO LLP
30 West Monroe Street, Suite 1600
Chicago, IL 60603
Telephone:  (312) 630-7979
Facsimile:   (312) 630-1183

8