UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| PARUS HOLDINGS, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | NO. 08 C 1535 |
| ) | |
| BANNER & WITCOFF, LTD., CHARLES ) | Judge Hart |
| CALL; and EUGENE NELSON, ) | |
| ) | Magistrate Judge Denlow |
| Defendants. ) | |

**PLAINTIFF'S REPLY IN SUPPORT OF ITS
MOTION FOR REMAND**

Plaintiff, Parus Holdings, Inc., by and through its attorneys, James J. Stamos and Matthew J. McDonald of Stamos and Trucco LLP, Reply in support of its Motion to Remand, and states as follows:

1. Defendant mischaracterizes plaintiff's case in order to justify federal jurisdiction. Each of the cases defendant cites in support of jurisdiction is a case in which the defendant law firm is accused of having inadequately practiced patent law such as to weaken the plaintiff's position as a patentee. That is not our case. Our case is that they took our file (which they were obligated to protect) and gave it to someone else who used it to obtain a patent claiming priority to our provisional patent application. The problem is not that Swartz's patent competes with ours. The problem is that his patent is able to claim priority to our provisional solely because defendants gave him our confidential data. Defendants make no response whatsoever to the fact that our case is based upon Swartz's ability to claim this priority.

2. As we have alleged, Swartz could not have claimed priority to our provisional without having been provided with our file by our former lawyers. Third parties perceive our patents to be at least potentially competing, thereby stigmatizing our patent. This court does not need to determine whether the patents actually compete in order to determine whether there is stigmatization and therefore injury.

3. The only regard in which we claim they inadequately practiced patent law was that they failed to advise us to obtain assignments of the patent by those identified as inventors. To prove that cause of action also does not require that we prove that the Swartz patent competes with ours. That is because the damage from that misconduct flows again from the fact that, if they had advised us to obtain an assignment, Swartz could never have obtained a patent in the first place. He was able to do so only because of this malpractice and the existence of his patent claiming priority to our provisional stigmatizes our patent and causes us damage.

4. Taking Banner's position to its logical conclusion, *i.e.*, that we must prove the patents actually compete in order to prevail, leads to an absurd result. It would mean that we could prove that they gave our confidential information to a competitor, that they assisted that competitor in preparing a patent claiming priority to our provisional (which he could not have done but for their conduct) and that we are injured by third parties perceiving our patents to be in competition yet, without proving that the patents actually compete, we can recover nothing against them. That would be a preposterous result.

5. Defendant also argues we would have to prove the "case within a case" regarding our claim against Swartz in order to prevail against Banner and Witcoff and

that the court would be required to assess the quality of the respective patents to make that determination. Once again, that misses the point. Defendant relies on *Air Measurement Techologies Inc., v. Akin, Gump, Strauss, Hauer Feld, LLP*, 504 F3d. 1262 (Fed. Cir. 2007), which involves a "case within a case." That is a case in which the defendant patent attorney had inadequately practiced patent law and the underlying patent lawsuits against third parties were thereby impaired, causing damage. In that case, it was necessary to show that the outcome of the lawsuits would have been better if the malpractice had not occurred. Here, the damage to us is not based on the technical quality of the respective patents. The damage from the underlying lawsuit is from the fact that Swartz had a patent claiming priority to our provisional at all, as described above. And, as importantly, our own lawyers litigated against us in the underlying lawsuit, requiring us to expend vast sums of our limited resources to challenge their involvement. Whether or not the patents actually compete is irrelevant to that inquiry as well.

6. Defendant fails to accurately distinguish *IMT Inc. v. Haynes & Boone, LLP*, 1999 WL 58838 (N.D. Tex., Feb. 1, 1999). While the district court in *Air Measurement Technologies Inc., v. Akin, Gump, Strauss, Hauer, Feld, LLP*, 2003 WL 22143276 (W.D. Tex.) did distinguish that case on the basis that in *Haynes & Boone*, the parties had stipulated to the validity and enforcement of the patent, (whereas it was at issue in *Air Measurement Technologies Inc*), that distinction does not apply here. In this case, while that issue is not stipulated, it does not matter whether the patents actually compete because there should never have been a Swartz Patent, no less one claiming priority to

our provisional. Our claim is based upon the mere existence of a patent claiming priority to our provisional, which was facilitated by the misconduct of the defendants. We cited *Haynes & Boone* for the proposition that the stigmatization of our patent caused by defendant's conduct is sufficient to justify recovery and its application here is not offended by the distinction defendant attempts.

The resolution of this case does not require this court to resolve a substantial question of federal patent law. This case should be remanded.

Respectfully submitted,

By: _____/s/ JAMES J. STAMOS_____
One of the Attorneys for Plaintiff, Parus Holding, Inc.


James J. Stamos
Matthew J. McDonald
STAMOS & TRUCCO LLP
30 West Monroe Street, Suite 1600
Chicago, IL 60603
Telephone: (312) 630-7979
Facsimile: (312) 630-1183
Firm ID No. 03128244