IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

PARUS HOLDINGS, INC., )
                      )
       Plaintiff,     )
                      )
   v.                 )   No. 08 C 1535
                      )
BANNER & WITCOFF, LTD., )
CHARLES CALL, and EUGENE NELSON, )
                      )
       Defendants.    )

## OPINION AND ORDER

In this case, plaintiff Parus Holdings, Inc. (as the successor-in-interest to Vail Inc.) alleges that defendants Banner & Witcoff, Ltd. ("Banner"), Charles Call, and Eugene Nelson[1] committed legal malpractice and breached their fiduciary duties by providing non-defendant Robert Swartz with confidential information about Vail's application for a patent on which Vail was being represented by defendants. Swartz allegedly used this information to submit his own patent application for a similar invention. Plaintiff alleges that Swartz's patent application decreased the value of Vail's provisional patent application, the

---

[1] Call and Nelson are alleged to be, respectively, a partner and attorney at the Banner law firm as of 1997. As regards Vail being a client of Banner, Banner listed Call as the "originating attorney" and Nelson as the "billing attorney."

rights to which were assigned to plaintiff. It is also alleged that, as a result of defendants' misconduct, plaintiff incurred legal expenses challenging Swartz's application. Plaintiff filed this action in the Circuit Court of Cook County, Illinois. Defendant Banner removed the case[2] on the ground that resolution of certain of plaintiff's claims will necessitate construing Vail and Swartz's patents and therefore the case falls within federal patent jurisdiction, 28 U.S.C. § 1338. See generally Air Measurement Tech., Inc. v. Akin Gump Strauss Hauer & Feld, L.L.P., 504 F.3d 1262, 1267-72 (Fed. Cir. 2007); Immunocept, LLC v. Fulbright & Jaworski, LLP, 504 F.3d 1281, 1284-85 (Fed. Cir. 2007). Plaintiff moves to remand the case, contending no patent law issue is essential to any of its claims.

Plaintiff alleges that Vail was in the web telephony business, which involves transmitting fax and telephone communications via the internet. From 1994 to 1996, Vail developed a unique computer controlled telephony system which the Complaint refers to as the "System." Vail's primary innovator and inventor for the System was Alex Kurganov. In 1996, Vail hired Swartz. During his employment with Vail, Swartz's job titles included Vice-President of Marketing and President of VE

---

[2]As of the time of removal, Call and Nelson had not been served with a summons.

Systems. One task assigned to Swartz was retaining counsel to advise Vail regarding obtaining patent rights for the System.

In February 1997, Swartz retained defendants. The engagement letter and other documents referred to Banner as the client and referred to submitting a provisional patent application for the System. Invoices for the legal work were submitted to and paid by Vail. On March 3, 1997, Banner filed a provisional patent application for the System on behalf of Vail (the "Vail Provisional"). Defendants did not advise Vail to obtain the assignment of rights in the patent from the System's inventor or inventors. Also, although Kurganov was the sole inventor, both Kurganov and Swartz were listed in the Vail Provisional as the inventors. Neither Vail nor Kurganov consented to listing Swartz as an inventor.

During summer 1997, a dispute developed between Vail and Swartz after Vail determined he lacked the qualifications and skills for his position with Vail. Call was aware of this dispute and despite the fact that Vail was Call's client, Call advised Swartz regarding the dispute and also regarding claiming rights to the patent. Vail was not informed that Call was advising Swartz. In December 1997, Vail retained new patent counsel to handle patent applications for the System and new counsel so informed Nelson, also advising him that Swartz was not

an inventor of the System nor someone with any property right in the System and that Nelson should not follow any instructions from Swartz regarding the Vail Provisional.

At the end of 1997, Call left Banner. Call continued to represent Swartz and advise him regarding how to obtain patent rights for the System, including rights that would have a priority over Vail's rights. In February 1998, on Call's advice, Swartz requested that Nelson send Swartz Banner's Vail Provisional file. Despite Vail's prior instructions to the contrary, Nelson complied with Swartz's request. Defendants did not inform Vail that the file had been forwarded to Swartz.

On March 2, 1998 and August 10, 1999, Vail filed non-provisional patent applications based on inventions disclosed in the Vail Provisional. These patents issued in 2004 (the "Parus Patents"). Also on March 2, 1998, Call filed a non-provisional patent application on behalf of Swartz that claimed priority over the Vail Provisional. In order to claim the priority, Swartz had to specifically reference the Vail Provisional and trade secret data from that application which Swartz had learned from receiving the Vail Provisional file of Banner.[3] Swartz filed a second patent application in 2002. The

---

[3] It is also alleged that Call and Swartz intentionally misidentified one digit of the Vail Provisional's number and the

two "Swartz Patents" issued in 2002 and 2004. Parus was unaware of the Swartz Patents until February 2006 when Kurganov was served with a subpoena by a defendant in a declaratory judgment action filed by Swartz to enforce his patents.

Parus expended $474,000 developing a marketing and license plan for the Parus Patents. When it was about to initiate this plan, it discovered the existence of the Swartz Patents. Regardless of whether the Swartz patents were meritorious or infringed on the Parus Patents, their existence and Swartz's pending lawsuit to enforce them placed a cloud on Parus's title to the Parus Patents. The Swartz Patents also rendered implementation of the marketing and license plan impossible since no one would be willing to undertake a license with the pending cloud over the Parus Patents.

Within a month after learning of the Swartz Patents, Parus brought a federal suit against Swartz and his company, Web Telephony, LLC, seeking a declaration that Parus was the rightful owner of the System and related patents, to establish priority of the invention, and to recover damages for misappropriation of

---

wrong day for filing so Vail would not discover Swartz's application.

trade secrets (the "Federal Suit").[4]  Banner filed an appearance on behalf of Swartz in that litigation.[5]  Parus informally requested that Banner withdraw because of a conflict of interest, but Banner declined.  Parus then filed a motion to disqualify which allegedly resulted in a "lengthy and costly briefing process . . . .  When it became apparent that Parus' motion to disqualify would be granted, Banner reluctantly withdrew from the federal litigation on the morning of the scheduled decision . . . ."  Compl. ¶ 28.  Several months after Banner withdrew, the case settled.  Plaintiff does not allege anything regarding the terms of the settlement.[6]  Parus incurred more than $1.3 million in legal fees in the case.

Plaintiff's complaint denominates five counts, though there appears to be overlap between counts.  The parties agree that the substantive law of Illinois applies to each claim.  Count I is labeled as a breach of fiduciary duty claim against

---

[4]The allegations do not specifically identify the lawsuit.  Judicial notice is taken of this court's docket which reveals that the Federal Suit is <u>Parus Holdings, Inc. v. Web Telephony, LLC</u>, No. 06 C 1146 (N.D. Ill.).

[5]The Docket in the Federal Suit shows that the appearance was also on behalf of Web Telephony.

[6]The Docket in the Federal Suit indicates that the parties were engaging in settlement discussions and then, by agreement, the case was dismissed without prejudice.  Terms of any settlement are not part of the record in the Federal Suit.

Banner for representing Swartz in the Federal Suit. Banner allegedly violated Illinois Rules of Professional Conduct ("IRPC") 1.6 and 1.9 by disclosing confidences of Vail/Parus, by representing an opponent of a former client in a matter related to the representation of the former client, and by using information from the prior representation to the disadvantage of the former client. Count I focuses on the Federal Suit. Allegedly, "Banner's assisting Swartz in developing and pleading defenses to Parus' claims made the case more difficult to prosecute and caused Parus to enter into a less favorable settlement agreement with Swartz than would otherwise have been possible and caused it to forfeit its ability to proceed to trial and prevail. Moreover, Banner's refusal to withdraw as counsel for Swartz, despite the self-evident conflict of interest, and Parus' demand that it do so, obliged Parus to engage in a lengthy and costly effort to have Banner disqualified as Swartz's counsel. Banner's resistance to this effort at every step was a substantial impediment to Parus' ability to litigate its claim against Swartz because it caused Parus to consume resources and incur additional attorneys fees." Id. ¶ 36. It is also alleged that Banner "[d]epriv[ed] Parus of the assistance of its former counsel in its effort to defend and protect its patent rights in the System." As damages for this claim, plaintiff seeks the

attorney fees incurred in the Federal Suit. It prays for compensatory and punitive damages. It is unclear if compensatory damages for this Count are limited to the attorney fees or also includes loss of licensing royalties and other compensation that could not be pursued until the cloud over plaintiff's patent rights were cleared up through litigation.

Count II, against Banner and Call, is labeled legal malpractice and breach of fiduciary duty. This Count is based on a violation of IRPC 1.7 in that defendants represented a client whose interests were directly adverse to those of another client. It is alleged: "But for Call's and Banner's negligence, Swartz would not have wrongfully secured patent rights that were in direct competition with and in violation of those owned by Parus. Further, Parus would not have had to expend $1.3 million in legal fees to defend its rights against Swartz and the licensing program for which Parus expended some $474,000 to implement would not have been rendered valueless by Swartz's competing claim." Compl. ¶ 42. Plaintiff prays "for damages suffered as a result of Call's and Banner's negligence and breach of duty, punitive damages, plus attorney's fees and interest." Count II primarily focuses on Call's advising Swartz prior to Call leaving Banner, but may cover subsequent conduct as well. It includes the

allegation that Call failed to advise plaintiff to obtain an assignment of rights from the named inventors.

Count III, against Call, is also labeled as legal malpractice and breach of fiduciary duty. Count III is based on conduct of Call that occurred after he left Banner. Paragraph 46 of Count III is identical to previously quoted ¶ 42 of Count II except that it omits Banner. The prayer for relief is identical to Count III except that it omits Banner.

Count IV is also labeled as legal malpractice and breach of fiduciary duty, but is against Nelson and Banner.[7] It is based on assisting Swartz in securing patent rights, providing the Vail Provisional file to him, failing to advise Vail to secure assignments from the named inventors, and concealing the cause of action that Parus had against these defendants. Except for the defendants named, ¶ 50 is identical to paragraphs 42 and 46 and the prayer for relief is identical to Counts II and III.

Count V is against all three defendants for misappropriation of trade secrets under the Illinois Trade

---

[7] The caption of Count IV specifically states "against Banner and Nelson." The substantive allegations repeatedly refer to both Banner and Nelson. The prayer for relief, however, only refers to Nelson. It is assumed that the omission of Banner from the Count IV prayer was a clerical error.

Secrets Act, 765 ILCS 1065. Banner does not contend that Count V is a basis for asserting federal patent jurisdiction.

A case filed in a state court located within this district is removable to this court if it is within the original jurisdiction of this court. 28 U.S.C. § 1441(a). Pursuant to 28 U.S.C. § 1338(a), this court has original jurisdiction over "any civil action arising under any Act of Congress relating to patents." This includes "any case 'in which a well-pleaded complaint establishes . . . that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal patent law, in that patent law is a necessary element of one of the well-pleaded claims.'" Air Measurement, 504 F.3d at 1267-68 (quoting Christianson v. Colt Indus. Operating Corp., 486 U.S. 800, 809 (1988)). This can include a state law legal malpractice claim or other state law claims in which infringement, determining the scope of a patent, or another issue of federal patent law is a necessary element for proving the state law claim. See Immunocept, 504 F.3d at 1285 (collecting cases).

In determining whether patent law is a necessary element of a plaintiff's claim, consideration is limited to the well-pleaded complaint. Patent law must be part of the plaintiff's claim; it is not a basis for jurisdiction that patent law is

essential to a defense. Air Measurement, 504 F.3d at 1268. Also, patent law must be essential to the claim. If the claim can be successfully proved on a theory that does not involve patent law, it is insufficient to confer federal jurisdiction that alternative theories involve patent law. Christianson, 486 U.S. at 1270; Air Measurement, 504 F.3d at 1270; Chopra v. Townsend, Townsend & Crew LLP, 2008 WL 413944 *1 (D. Colo. Feb. 13, 2008). Also, it is sufficient to confer jurisdiction that proving the amount of damages necessarily requires resolution of a patent law issue. U.S. Valves, Inc. v. Dray, 190 F.3d 811, 812, 813-14 (7th Cir. 1999); U.S. Valves, Inc. v. Dray, 212 F.3d 1368, 1372 (Fed. Cir. 2000); Chopra, 2008 WL 413944 at *1-2.

The necessary elements of a legal malpractice claim in Illinois include that the attorney's deficient conduct proximately caused injury to the plaintiff and that the plaintiff incurred damages. Sheppard v. Krol, 218 Ill. App. 3d 254, 578 N.E.2d 212, 214 (1st Dist. 1991). When a legal malpractice claim is based on deficient representation in actual or potential litigation, the party alleging malpractice will have to show that it would have succeeded in the underlying litigation if not for the attorney's deficient representation. Id. This is often referred to as the case-within-a-case requirement for showing

- 11 -

causation in a malpractice action.  See id.; Air Measurement, 504 F.3d at 1269 (considering similar rule for malpractice action governed by Texas law).  If the case within a case included a patent law claim, patent law will be a necessary element of the malpractice claim.  See Air Measurement, 504 F.3d at 1269.  In the present case, however, Parus's claims are not based on defendants' failure to adequately represent it in litigation.  Instead, plaintiff's claims are primarily based on improperly disclosing client confidences and providing representation to an adversary.  In Count I, however, it is also alleged that Banner failed to provide assistance to Parus in the Federal Suit.  Additionally, Count II is based, in part, on failing to properly advise plaintiff to obtain an assignment from the named inventors.

The focus of Count I is the Federal Suit.  Plaintiff does not dispute that the Federal Suit raised substantive patent law issues.  It contends, however, that these patent issues are not essential to Count I because plaintiff could succeed on Count I by showing that its title to its patents were clouded which interfered with licensing its patents and necessitated a lawsuit to clear the title.

Plaintiff contends it could show this clouding without having to determine the scope of the Parus Patents or Swartz

Patents, whether any of them infringed each other, nor which patent was properly entitled to a priority. Although Banner was representing Parus's opponents, not Parus, plaintiff still must show that Banner's alleged misconduct proximately injured plaintiff. Plaintiff contends it is not essential to consider the merits of the claims in the underlying Federal Suit because it would never have been necessary to file the Federal Suit if defendants had not previously breached Parus's confidences. The breach of confidences, however, is a separate claim. Count I is a claim against Banner for the representation it provided in the Federal Suit; it necessarily assumes that the Federal Suit occurred. In order to show that Banner's presence in the lawsuit resulted in a less favorable settlement, as plaintiff alleges, the merits of the Federal Suit and the terms of the settlement will have to be considered. Since the Federal Suit included patent law claims, the merits of the patent issues will have to be considered in resolving Count I. Additionally, Count I includes the allegation that Banner did not provide assistance to plaintiff in the Federal Suit as would have been expected from an attorney who had once represented the client in applying for a patent. While this reference to assistance should not be understood as providing representation in the Federal Suit, any such assistance would go, at least in part, to the merits of the

patent claims in the Federal Suit. Count I provides a basis for federal jurisdiction. This case was properly removed.

Since Count I provides an adequate basis for removing the case, it is unnecessary to consider whether any of the other counts also provide a basis for removal.

Banner has moved to dismiss certain counts of the Complaint.[8] Since the case is not being remanded, a briefing schedule is being set on that motion. Also, plaintiff has not yet served Call and Nelson. Plaintiff should either promptly serve them or dismiss them from this action. See Fed. R. Civ. P. 4(m).

IT IS THEREFORE ORDERED that plaintiff's motion to remand [14] is denied. By June 27, 2008, plaintiff shall answer defendant Banner's motion to dismiss [7]. Banner's reply is due by July 11, 2008. Ruling on the motion to dismiss will be by mail.

ENTER:

UNITED STATES DISTRICT JUDGE

DATED: MAY 29, 2008

---

[8] Banner only moves to dismiss Count I in part. Even if this part of the motion is granted, aspects of Count I that fall within federal patent jurisdiction would remain pending.